ANNIE L. JACKSON, as Administratrix of the Estate of ROBERT JACKSON, Deceased, Respondent, *v.* MARGARET H. GREENE et al., Appellants.

**Negligence — injuries resulting from fall while climbing out of elevator caught between floors — contributory negligence of injured person.**

An elevator having stopped between two stories of a building, the operator, an electrician by trade, after waiting a few minutes, started to crawl out through the elevator door through an opening between the floor of the car and the ceiling of the story below; in doing so his hands slipped and he fell down the shaft, receiving injuries from which he died. The case was submitted to the jury on the sole ground that it might infer negligence on the part of defendant from the defective character of the fuse which had burned out, the effect of which was to cut off the power, evidence having been given that fuses had burned out before. *Held*, that such defect was not the cause of the accident; that when plaintiff's intestate, entirely conversant with the whole situation, under no stress either of duty or of danger, voluntarily sought to climb out of the elevator on to the floor below, he assumed the risk attendant upon his action.

*Jackson* v. *Greene*, 134 App. Div. 918, reversed.

(Argued January 10, 1911; decided February 7, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 8, 1909, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James J. Mahoney* and *M. J. Wright* for appellants. There was no evidence of defendants' negligence. (*Henson* v. *L. V. R. R. Co.*, 194 N. Y. 205; *Ruppert* v. *B. H. R. R. Co.*, 154 N. Y. 90; *Harrison* v. *N. Y. C. & H. R. R. Co.*, 195 N. Y. 86; *Gillrie* v. *City of Lockport*, 122 N. Y. 403; *Ryan* v. *C. C. G. Co.*, 133 App. Div. 467; *Hindley* v. *M. Ry. Co.*, 185 N. Y. 335; *Newhall* v. *Appleton*, 124 N. Y. 668; *Gastel* v. *City of New York*, 194 N. Y. 15; *Carney* v. *M. D. Co.*, 191 N. Y. 301; *Cameron* v. *N. Y. C. & H. R.*

*R. R. Co.*, 145 N. Y. 400.) The notice under the Employers' Liability Act was insufficient. (*Logerto* v. *C. B. Co.*, 198 N. Y. 390; *Glynn* v. *N. Y. C. & H. R. R. R. Co.*, 125 App. Div. 186; *Bori* v. *Hess*, 123 App. Div. 389; *Miller* v. *S. P. Co.*, 109 App. Div. 135; *Finnigan* v. *N. Y. C. Co.*, 194 N. Y. 244; *Paddock* v. *City of Syracuse*, 61 Hun, 8.) No act or omission of defendants was the proximate cause of the accident. (*Laidlaw* v. *Sage*, 158 N. Y. 73; *Knight* v. *Wilcox*, 14 N. Y. 413; *Dulfer* v. *B. H. R. R. Co.*, 115 App. Div. 670; *McGovern* v. *D. M. C. Co.*, 120 App. Div. 524; *Garrison* v. *McCullough*, 28 App. Div. 467; *Hofnagle* v. *N. Y. C. & H. R. R. R. Co.*, 55 N. Y. 608; *Trapp* v. *McClellan*, 68 App. Div. 362; *Ryan* v. *N. Y. C. & H. R. R. R. Co.*, 35 N. Y. 210; *Childs* v. *N. Y., O. & W. R. R. Co.*, 77 Hun, 539; *Schoepflin* v. *Coffey*, 162 N. Y. 12.) The decedent assumed the risk. (*Hunter* v. *C. & S. V. R. R. Co.*, 112 N. Y. 371; *Solomon* v. *M. R. Co.*, 103 N. Y. 437; *Savage* v. *Bauland Co.*, 42 App. Div. 285; *Eckert* v. *L. I. R. R. Co.*, 43 N. Y. 502; *McCue* v. *N. S. Co.*, 142 N. Y. 106; *Keeler* v. *N. Y. C. & H. R. R. R. Co.*, 114 App. Div. 807; *Young* v. *Dietzgen Co.*, 72 App. Div. 618; *Cameron* v. *N. Y. C. & H. R. R. R. Co.*, 145 N. Y. 400; *Sweeney* v. *B. & J. E. Co.*, 101 N. Y. 520; *Crown* v. *Orr*, 140 N. Y. 450; *Dixon* v. *N. Y., O. & W. R. R. Co.*, 198 N. Y. 58.)

*Thomas J. O'Neill* and *Leonard F. Fish* for respondent. There was ample evidence of defendants' negligence, in that for a long period of time they furnished fuses which were insufficient and continuously blowing out and stopping the elevator between floors, thus repeatedly creating the abnormal danger which killed intestate. (*Auld* v. *M. L. Ins. Co.*, 34 App. Div. 491; *Grifhan* v. *Kreizer*, 62 App. Div. 413; *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 567; *Brady* v. *M. R. Co.*, 127 N. Y. 46; *McCarraher* v. *Rogue*, 120 N. Y. 526.) The notice under the Employers' Liability Act was sufficient. (*Bertolami* v. *Contracting Co.*, 198 N. Y. 71; *Hurley* v. *Olcott*, 198 N. Y. 132; *Smith* v. *Milliken Bros.*,

200 N. Y. 21.) The burning of the fuse was the proximate cause of the casualty. (*Kunz* v. *City of Troy,* 104 N. Y. 304; *Ring* v. *Cohoes,* 77 N. Y. 83; *Sheridan* v. *R. Co.,* 36 N. Y. 39; *Laidlaw* v. *Sage,* 158 N. Y. 73.) There was no risk assumed. (*Pantzer* v. *Mining Co.,* 99 N. Y. 373; *Booth* v. *Railroad,* 73 N. Y. 40; *Hawley* v. *Railroad,* 82 N. Y. 370; *Kane* v. *Smith,* 89 N. Y. 385; *Pidgeon* v. *Railroad,* 152 N. Y. 632; *Simone* v. *Kirk,* 173 N. Y. 13; *Crapo* v. *Syracuse,* 183 N. Y. 404.)

Cullen, Ch. J. The action was brought by the personal representative of the deceased employee against the employers, to recover damages for the former's death through alleged negligence on the part of the defendants. The deceased had at some time prior to the accident been an engineer in a building owned by the defendants and was an electrician by trade. In the absence of the employee whose duty it was to run a passenger elevator in the building the deceased had for some two weeks operated the elevator. On the day of the accident, as the deceased was taking two passengers up on the elevator, the fuse blew out and the car stopped between the sixth and seventh floors of the building. He called down to Wilson, who ran the freight elevator and was on the basement floor at the time, that the fuse had given out. One of the occupants of the car, a witness for the plaintiff, testified that Wilson then called for him to come down, though this is denied by other witnesses. After waiting a few minutes the deceased opened the elevator door and started to crawl out of the car through an opening betwen the floor of the car and the ceiling of the sixth floor. In doing so his hands slipped and he fell down the shaft, receiving injuries from which he died. The two passengers remained in the car until a new fuse was installed, when the elevator was again operated and the passengers got out. There was evidence tending to show that such stoppages of the elevator had been of frequent occurrence prior to the accident, and the subject of complaint by various tenants in the building. It seems to have been

assumed, and probably was the fact, that the cause of such stoppages was the burning out of the fuse. The case was submitted to the jury by the learned trial judge on the sole theory that they might infer negligence on the part of the defendants from the defective character of the fuses. The jury returned a verdict for the plaintiff.

Assuming that the jury properly found the fuses defective, we think that, as is clearly pointed out in the dissenting opinion of Mr. Justice BURR below, such defect was not the cause of the accident to the plaintiff. The fuse, as proved by the evidence, is a safety appliance intended to burn out when an excessive current is placed on the electric motor or when the elevator itself is subjected to an excessive load. The effect of the burning of the fuse is to entirely cut off the power and thereafter the elevator cannot be moved, at least, upward. It is easy to be seen that a fuse might be insufficient to carry the electric current that might be necessary even in the proper operation of the elevator. But the only result of such a defect would be to at once arrest the movement of the elevator. The fuse was located in the basement where Wilson was. As was said in the dissenting opinion below, " It is apparent that had the deceased remained at his station in the elevator he would not have been injured. No injury threatened him while there. He was in absolute safety, and the dangerous position in which he knowingly and voluntarily placed himself was not required by his employment, or in the discharge of his duty. No emergency had arisen calling upon him to choose between two apparent alternative dangers  *  *  *  and it is well settled that under such circumstances a master is not liable for the death or injury of his servant." (*Solomon* v. *Manhattan Ry. Co.*, 103 N. Y. 437 ; *Hunter* v. *Cooperstown & Susquehanna Valley R. R. Co.*, 112 N. Y. 371 ; *McCue* v. *Nat'l Starch Mfg. Co.*, 142 N. Y. 106.) The counsel for the respondent contends that the statement cited ignores two facts : *First*, that the deceased was called to come down to the basement by Wilson, and, *second*, that while he was getting down

the elevator moved. We think neither is controlling in the disposition of this case. Wilson was not the superior of the deceased. The new fuse was to be installed in the basement and, so far as it appears in the evidence, Wilson had done such installation whenever necessary. There was no reason why the presence of the deceased in the basement was necessary, nor could the deceased be under any misapprehension as to what was the difficulty which had caused the elevator to stop. He was an expert electrician and knew far more on the subject than did Wilson, who was not an electrician or mechanic. The testimony of the witness that while the deceased was trying to get out of the elevator it moved up and down a foot and a half, is, on the evidence in the case, incredible as a matter of law. It is conceded that when the fuse burned out the power was cut off. It may be possible to believe that in some unexplained way the elevator might have slipped down, but, on the record before us, it is not possible to imagine how, with the power cut off, the elevator could have moved up. If there was any motion in the elevator at the time of the accident it must have been occasioned by the movements of the deceased himself in endeavoring to get out of the elevator to the floor below. Though the plaintiff alleged a cause of action under the Employers' Liability Law, the notice served is substantially of the same character as that condemned by this court in *Logerto* v. *Central Building Company* (198 N. Y. 390), and the plaintiff must rely on her common-law cause of action under which the assumption of risk is not necessarily a question of fact. We think that the deceased in this case, when, entirely conversant with the whole situation, under no stress either of duty or of danger, he voluntarily sought to climb out of the elevator on to the floor below, assumed the risk attendant upon his action.

The judgment below should be reversed and a new trial ordered, costs to abide the event.

GRAY, HAIGHT, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Judgment reversed, etc.