■ HARRY O'CONNOR, Respondent, v. 1751 BROADWAY, INC., Appellant, et al., Defendant.— In an action to recover damages for personal injuries alleged to have been caused by the negligent management, operation and control of premises owned by appellant, the appeal is from a judgment entered on the verdict of a jury, insofar as it is in favor of respondent and against appellant. The evidence showed that respondent was a security aide employed by the Voice of America, the United States Information Agency of the Department of State, a tenant in a building owned by appellant. Appellant furnished the tenant with a passkey so that security aides could make security checks of the premises when the front entrance doors were locked. On Sunday, April 29, 1951, at about 6:00 P.M., respondent opened the front entrance doors of the building with the passkey and entered the building. After he had inspected the premises he sought to leave the building in order to inspect other facilities of his employer in other buildings, but the lock on the front entrance doors failed to function and the doors could not be opened. Respondent telephoned and a fellow employee responded and attempted to assist from outside of the

building. Respondent tried to remove the transom braces above the doors so that he could leave through the transom. In order to reach the transom braces, he stood on a hose rack and gripped a standpipe with his left hand. While on the hose rack, he relaxed his grip on the standpipe, lost his balance and fell to the floor, sustaining the injuries complained of. Judgment, insofar as appealed from, reversed on the law and the facts, without costs, and complaint dismissed. In our opinion, there was no causal relationship between the failure of the lock on the front entrance doors and the injuries sustained by respondent. Appellant could not reasonably have foreseen that respondent would attempt such a means of egress. When the lock on the front doors did not function, respondent was not placed in a position of danger. No emergency arose which called upon him to choose between two alternative dangers. He was in a position of absolute safety and, had he remained in the building and called for proper help, would not have been injured. (*Jackson* v. *Greene,* 201 N. Y. 76.) At most, respondent was subjected to inconvenience which, as a matter of law, is insufficient justification for the course he pursued. Appellant may not be held responsible for the consequences that followed. (*Solomon* v. *Manhattan Ry. Co.,* 103 N. Y. 437.) Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.