Raymond G. **RICHARDS**, Appellant,

v.

**NEW YORK, NEW HAVEN & HART-FORD RAILROAD CO.**, Appellee.

No. 70, Docket 24562.

United States Court of Appeals Second Circuit.

Argued Nov. 18, 19, 1957.

Decided Dec. 16, 1957.

Edward F. X. Ryan, New York City, for appellant.

Kenneth B. Morton and Edmund J. Moore, New York City, for appellee.

Before HAND, MEDINA and LUMBARD, Circuit Judges.

PER CURIAM.

The plaintiff appeals from a judgment, entered upon the verdict of a jury, dismissing his complaint against the defendant, a railroad on which he was rid-

ing as a passenger. The only question raised upon this appeal that we shall discuss is whether the judge failed to charge the jury properly. The plaintiff was one of a party returning to New York from Greenwich where they had been on an outing. Two passenger coaches had been especially assigned to the party, in the first of which the plaintiff had been riding. However, before the train reached Larchmont where he meant to get off, he had gone back to the second special coach to talk to a friend, leaving some hand luggage where he had sat in the first coach. On being told that the train was approaching Larchmont, he went forward to pick up his luggage in the first coach and then back to the rear platform of the first coach, the trap door of which had not been raised, and the vertical door was shut. When the train stopped no attendant was at hand, but he tried to open the vertical door; and when he failed, he went to the front entrance of the second coach, whose vertical door he did succeed in opening. However, by that time the train had begun to move, and he was unable to lift the trap door which when raised gives access to the three steps that provide the exit. When he found that he could not do this, he jumped from the trap door to the station platform three and a half feet below, and upon landing fell upon his knees causing the injuries for which he sued.

■ His complaint was that the railroad had failed to have any attendant, either at the back platform of the first special coach or at the front platform of the second, to help passengers to alight. The railroad denied that this was a part of its duty, because it did have such an attendant at the front end of the first coach which abutted upon a coach open to any passenger who might board the train. The judge told the jury that it was the railroad's duty "to have the doors of the train opened at Larchmont for a reasonable period of time with its trap door lifted so that the plaintiff, using due diligence, could alight from the train while it was at a standstill." The plaintiff submitted several variants in place of this and complains that the judge refused them; but the differences are so trivial that we shall not discuss them. A trial at law is not an exercise in verbal dialectic. The only question of any importance is whether the charge as to the plaintiff's contributory negligence was wrong. It appears to us curious that upon the appeal the defendant does not press as a ground of affirmance the motion for a directed verdict that it made at the end of the plaintiff's case and repeated at the close of all the evidence. We can see no justification for leaving it to a jury to say that a man who jumps from the trap door of a moving train three and a half feet above the station platform does not take his chances. We do not indeed mean that there can be no circumstances that might justify his taking that risk, for the issue of contributory negligence always depends upon weighing the gravity of the injury, discounted by the improbability of its occurrence, against the sacrifice necessary to avoid the risk; but in the case at bar there was nothing whatever that compelled the plaintiff to jump, except that if he did not, he would have been carried on to New Rochelle, a distance of less than three miles.

■ The validity of the charge depends upon the law of New York, since the jurisdiction of the district court depended upon diversity of citizenship, and the charge was amply justified by the decision of the Court of Appeals in Solomon v. Manhattan R. Co., 103 N.Y. 437, 9 N.E. 430. In that case the plaintiff had been injured while trying to board a moving train and the Court of Appeals affirmed a nonsuit for the following reasons, 103 N.Y. at page 443, 9 N.E. at page 432: "In short, as we now understand the rule established by the decisions it is presumptively a negligent act for a passenger to attempt to alight from a moving train; and it is not sufficient to rebut the presumption that the trainmen acquiesced in the action of the passenger, or that the company violated its duty or contract in not stopping the train, or that to remain on the train would subject

the passenger to trouble and inconvenience; but that to excuse such an act, and free the plaintiff from the charge of contributory negligence, there must be a coercion of circumstances which did not leave the passenger to the free and untrammeled possession of his faculties and judgment." We cannot find in Bartle v. New York Central & Hudson River R. R., 193 N.Y. 362, on page 366, 85 N.E. 1091, on page 1092, anything inconsistent with this language, and it is clear from the quotation from the Solomon case that the court did not think so. In that case the coach in which the plaintiff had been riding was next to the engine; and when the train stopped at the plaintiff's station, the jury might have found that the place where he had to alight was nearly three hundred feet beyond the station platform. It was after midnight and he supposed that the train had stopped when he and his friends stepped off; there was no after light on the engine and the station was dark and closed. In these conditions the court held that a nonsuit was improper, but there is not the least reason to suppose that, had the plaintiff known that he was stepping off a moving train and had had light enough to see where it had stopped, the result would have been the same, merely because if he had not done so, he would have been carried ten miles further on to Rochester. In O'Connor v. 1751 Broadway, Inc., 2 N.Y.2d 769, 157 N.Y.S.2d 975, 139 N.E.2d 152, the plaintiff found himself locked in a room in the defendant's building because of a defective lock. He tried to get out through the transom in circumstances that involved risk, and while doing so fell and was injured. The Court of Appeals affirmed a judgment of the Appellate Division that had reversed a judgment in his favor, and in its opinion (1 A.D.2d 836, 837, 148 N.Y.S.2d 494, 495) said that the plaintiff "was not placed in a position of danger. No emergency arose which called upon him to choose between two alternative dangers. He was in a position of absolute safety and, had he remained in the building and called for proper help, would not have been injured. Jackson v. Greene, 201 N.Y. 76, 93 N.E. 1107. At most, respondent was subjected to inconvenience which, as a matter of law, is insufficient justification for the course he pursued. Appellant may not be held responsible for the consequences that followed. Solomon v. Manhattan R. Co., 103 N.Y. 437, 9 N.E. 430."

The point of evidence is too trivial to deserve discussion.

Judgment affirmed.