■ MICHAEL ZUBKO, Respondent, v. MARY IMMACULATE HOSPITAL et al., Appellants. MARY IMMACULATE HOSPITAL, Third-Party Plaintiff-Appellant, v. OTIS ELEVATOR COMPANY, Third-Party Defendant-Respondent.— In an action to recover damages for personal injury sustained by plaintiff through the alleged negligence of defendants Mary Immaculate Hospital and Otis Elevator Company, in which the hospital, as a third-party plaintiff, instituted a third-party action against the Elevator Company, as a third-party defendant, the

defendants appeal as follows from a judgment of the Supreme Court, Queens County, entered November 16, 1962 after trial upon a jury's verdict: (1) Both defendants appeal from so much of the judgment as is in the plaintiff's favor against them. (2) The defendant hospital, as third-party plaintiff, appeals from so much of the judgment as dismissed its third-party complaint against the Elevator Company as third-party defendant. Judgment, insofar as it is in plaintiff's favor against both defendants, reversed on the law, without costs, and amended complaint dismissed on the law. The findings of fact implicit in the jury's verdict are affirmed. Judgment, insofar as it dismissed the third-party complaint, affirmed, without costs. Plaintiff claims that, after visiting his wife (who was a patient in the defendant hospital), he entered an elevator in the hospital and pushed a button; that the elevator went down, but stopped between floors; that he shouted and pounded on the door (or inside gate) of the elevator for about a half hour; and that when no one came to his aid he kicked against the outer doors of the elevator. It appears that in kicking against such door his foot caught in a crossbar and as a result he sustained the injuries for which he sues to recover damages. In our opinion, plaintiff failed to prove any negligence on the part of either of the defendants. Plaintiff failed to prove what caused the elevator to stop between floors. Nor did plaintiff prove that the cause of such stop was attributable to a condition of which defendants knew or should have known and which they failed to correct (*Koch* v. *Otis Elevator Co.*, 10 A D 2d 464). Moreover, the record established that plaintiff's injuries were not caused by the stopping of the elevator between floors, but by his own act in kicking against the outer doors of the elevator, as the result of which the heel of his foot was caught in the crossbar (cf. *Jackson* v. *Greene*, 201 N. Y. 76). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.