■ HARRY O. BROWN, Appellant, v PETRACCA & SON, INC., Defendant and Third-Party Plaintiff-Respondent. PELHAM FENCE COMPANY, INC., Third-Party Defendant-Respondent.

The defendant Petracca & Son, Inc. entered into a contract with New York State for the construction of a security fence around a State correctional facility; Petracca & Son, Inc. then subcontracted the job to the third-party defendant Pelham Fence Company, Inc. The plaintiff, an ironworker with Pelham Fence Company, Inc., was employed on that job on February 7, 1980, when he fell from a scaffold, incurring injuries.

The scaffold was composed of pipe secured to a flatbed truck; approximately 7 or 8 14-foot long planks were secured to the scaffold with rope. The plaintiff testified that as he walked across the scaffold, two of the planks "slid down", he fell to the bed of the truck directly below, and the boards came down after him. While there were no other witnesses to the actual fall, the plaintiff's supervisor and foreman, Doug Deal, testified that he heard the sound of the fall and, upon turning, observed the plaintiff lying on the truck bed, with two planks hanging down on him. The planks were still attached to the tail end of the scaffold, but had become dislodged and fallen from the scaffold's front end.

The defendant did not present evidence directly controverting the plaintiff's evidence; rather, the defense sought to suggest that the fall could have occurred by a slip and fall off the edge of the scaffold, and that such a fall could have caused the subsequent dislodging of the planks.

The only issues for the jury were whether the scaffold provided "proper protection" to the plaintiff pursuant to Labor Law § 240 (1), and, if not, whether the failure was a proximate cause of his injury. We conclude that the jury's determination that the scaffold afforded proper protection to the workers should be reversed as contrary to the weight of the evidence (see, CPLR 4404 [a]; Cohen v Hallmark Cards, 45 NY2d 493, 500; Nicastro v Park, 113 AD2d 129). The evidence was strong that the planks slipped from the scaffold to which they ought to have been properly secured. Furthermore, there was no basis for the inference that they were dislodged due to some cause other than improper construction. It is unlikely that the planks would have become dislodged from the scaffold if the scaffold had been properly constructed (see, Braun v Dormitory Auth., 118 AD2d 614). Additionally, the implication by the defendant's counsel that responsibility for the accident lay with the plaintiff for choosing to use the scaffold rather than a ladder or for failing to check the condition of the scaffold, could have affected the jury's determination although such considerations are in fact irrelevant under Labor Law § 240 (see, Crawford v Leimzider, 100 AD2d 568, 569). Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.