■ PETER CANNATA, Appellant, v ONE ESTATE, INC., Defen-

dant and Third-Party Plaintiff-Respondent, and CYRUS J. LAW-RENCE, INC., Respondent. COLONIAL ART DECORATORS, INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Monteleone, J.), entered October 21, 1985, which is in favor of the defendants and against him dismissing the complaint upon the defendants' motions at the close of all of the evidence.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff, Peter Cannata, was employed as a painter by the third-party defendant Colonial Art Decorators, Inc. (hereinafter Colonial). On September 22, 1978, the plaintiff fell and sustained injury while working on a job for Colonial at the offices of the defendant Cyrus J. Lawrence, Inc., in a building owned by the defendant One Estate, Inc.

The trial testimony revealed that the plaintiff's job was to paint the edge of ceilings with a brush while his coemployee was using a roller on the rest of the ceiling. According to the plaintiff, the presence of a number of cardboard boxes along the wall of one of the rooms in which he was working prevented him from reaching the ceiling with the ladder supplied to him by his employer. He used the ladder to climb on top of the boxes and painted from that position. When he finished the area, the plaintiff attempted to reach the ladder and climb down. The boxes collapsed and the plaintiff fell to the floor and was injured.

There was further testimony that the plaintiff had been using the ladder for three hours on the day of the accident and that it was in good working order. Significantly, the plaintiff had not been directed by anyone to climb atop the boxes. The decision to do so was exclusively his own. The plaintiff had never tried to lift any of the boxes to ascertain how heavy they were. Nor did he make any effort to ascertain the contents of any of them. The plaintiff had never sought help to move the boxes in accordance with the custom and practice of workers in the painting industry when beset with such obstacles.

The testimony of the plaintiff's foreman to the effect that the ladder with which Cannata had been provided with was a regular paint-job ladder in perfect shape was uncontroverted.

After all parties rested, the court dismissed the complaint, finding, *inter alia,* that the defendant One Estate, Inc., was not liable because it neither employed nor directed the plaintiff in relation to the subject job. With respect to the tenant,

Cyrus J. Lawrence, Inc., a finding was made that the cardboard boxes did not constitute a scaffold within the meaning of Labor Law § 240 (1) *(cf., Brown v Petracca & Son,* 124 AD2d 772). We affirm.

Labor Law § 240 is inapplicable to the instant case inasmuch as a safe and adequate ladder was provided, as required, and made available for the plaintiff's use despite the fact that he chose not to avail himself of it *(see, Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 366, *appeal dismissed* 58 NY2d 824). Labor Law § 240 "does not impose a duty on an owner, as a matter of law, to compel a worker who refused to use available satisfactory equipment to do so" *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 526 [concurring opn of Simons, J.]). Under the circumstances, we decline to impose a continuing duty of supervision upon the defendants to insist that a recalcitrant worker use equipment provided to him *(see, Heath v Soloff Constr.,* 107 AD2d 507, 510). While Labor Law § 240 is to be liberally construed, it should not be implemented by decisional law in such manner as to create a right of recovery not envisioned by the Legislature *(DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 75, *appeal dismissed* 60 NY2d 701). Moreover, the action of the plaintiff in standing on the boxes which collapsed was the sole proximate cause of this occurrence *(see, Mack v Altmans Stage Light. Co.,* 98 AD2d 468). Inasmuch as the plaintiff failed to establish common-law negligence or any actionable violation of a statute, the trial court properly dismissed the complaint as against both defendants. Brown, J. P., Weinstein, Rubin and Spatt, JJ., concur.