■ CHARLES BROCALELLO, Appellant, v 540 MADISON AVENUE ASSOCIATES et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Held, J.), entered April 23, 1987, which, upon a ruling by the trial court granting the defendants' motion for judgment after the close of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

We agree with the trial court that plaintiff failed to establish a prima facie case. Viewing the evidence in the light most favorable to plaintiff and giving him the benefit of all reasonable inferences which might be drawn therefrom, we are satisfied that no rational trier of the facts could have found in his favor *(O'Neil v Port Auth.,* 111 AD2d 375). The evidence establishes that the plaintiff's injuries were caused solely by his own conduct when he lost his balance while reaching into the elevator. There was no evidence of any conduct on the part of the defendants which might have been a substantial cause of the accident *(Boltax v Joy Day Camp,* 67 NY2d 617; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468). Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.

■ CARVEL CORPORATION, Appellant, v JAMES C. BRYFOGLE et al., Doing Business as CARVEL STORE No. 1515, Respondents.— In an action, *inter alia,* for a permanent injunction based on the alleged breach of a covenant not to compete contained in a license agreement, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered October 13, 1987, which granted the defendants' motion for summary judgment dismissing the first, second and third causes of action alleged in the complaint.

Ordered that the order is affirmed, with costs, for reasons stated by Justice Donovan in his memorandum decision at the Supreme Court. Mollen, P. J., Mangano, Brown and Sullivan, JJ., concur.

■ MARIE DEMESMIN, Individually and as Mother and Natu-