■ JANINA ANTONIK et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. NEW YORK CITY HOUSING AUTHORITY, Third-Party Plaintiff-Respondent, v LIFT CONSTRUCTION CORP., Third-Party Defendant-Respondent. (And a Second and Third Third-Party Action.) [652 NYS2d 33] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), entered October 25, 1995, which, *inter alia*, denied plaintiffs' motion for partial summary judgment on the issue of liability, and granted the cross motions of defendant Republic Elevator Corp., New York City Housing Authority and Doorman Co., Inc. dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiffs' decedent, an experienced worker, fell down an elevator shaft while using the active elevator to transport construction materials. Labor Law § 241-a is inapplicable under these circumstances. With respect to plaintiffs' cause of action under Labor Law § 240 (1), even accepting the plaintiff's theory of the case, the decedent's attempt to exit the stalled elevator was an intervening act constituting a superseding cause of the accident. The decedent was an experienced worker, who was not in an emergency situation, and who would not have been injured had he waited for an engineer to restart the elevator, as was the practice in prior instances of elevators stalling at the project (*see*, *Jackson v Greene*, 201 NY 76, 79; *Mack v Altmans Stage Light. Co.*, 98 AD2d 468). We note that the only eyewitness, Jozef Klin, died before he could be examined under oath. As Klin was under no business duty to speak to the police, the statements contained in police reports attributed to Klin are not admissible under the business record exception to the hearsay rule (*see*, *Balboa Ins. Co. v Alston*, 141 AD2d 364). Concur—Sullivan, J. P., Milonas, Rosenberger, Nardelli and Mazzarelli, JJ.