■ EPHRAIM GEORGE, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 87791.) [674 NYS2d 742] —In a claim to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Nadel, J.), dated June 16, 1997, as denied those branches of its motion which were for summary judgment dismissing the plaintiff's causes of action based on Labor Law § 240 (1); § 241 (6), and § 200.

Ordered that the order is reversed insofar as appealed from, with costs, the branches of the defendant's motion which were to dismiss the plaintiff's causes of action based on Labor Law § 240 (1); § 241 (6), and § 200 are granted, and the claim is dismissed.

The claimant was working on a construction project on an elevated portion of the Long Island Expressway. A co-worker fell from a ladder which had been constructed by carpenters employed by the plaintiff's employer. The claimant, eschewing another ladder that was "maybe a hundred feet away", climbed part way down a beam and then jumped down approximately eight feet to the protective debris shield upon which the co-worker had fallen. After ascertaining that the co-worker was injured although not critically, the claimant traversed the debris shields until he came to a scaffold stairway and descended to the ground to summon help. After notifying his superiors, the claimant returned to wait with the co-worker for help to arrive. Rather than retracing the path he took to sum-

mon help, up the scaffold stairway and across the debris shields, the claimant chose a path that brought him back to his work area from which he again climbed part way down a beam and then jumped the remaining eight feet to the debris shield where his co-worker lay. It was this second jump which allegedly caused the claimant to sustain injuries to his ankle and his back.

The Court of Claims erred insofar as it denied those branches of the appellant's motion which were for summary judgment dismissing the claimant's causes of action predicated upon violations of Labor Law §§ 200, 240 (1), and § 241 (6). The claimant may not assert a claim pursuant to Labor Law § 240 (1) as his injuries resulted from his jump rather than from any defective piece of equipment designed to prevent injuries from elevation related risks (*see, Del Vecchio v State of New York,* 246 AD2d 498). Moreover, the claimant may not recover under any of the previously cited Labor Law sections because his gratuitous and unnecessary second jump was the sole and superseding proximate cause of his injuries (*see, Tsangalidis v O.K.G. Professional Consultants,* 243 AD2d 627; *Vanerstrom v Strasser,* 240 AD2d 563; *Antonik v New York City Hous. Auth.,* 235 AD2d 248; *Brocalello v 540 Madison Ave. Assocs.,* 147 AD2d 519; *Cannata v One Estate,* 127 AD2d 811; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468). Nor may the claimant recover under the doctrine of "danger invites rescue" as we have held this doctrine to be inapplicable to situations of strict liability pursuant to Labor Law § 240 (1) (*Del Vecchio v State of New York, supra,* at 498), and in any event there was no critical danger in existence at the time of the claimant's second jump. He knew that his co-worker's condition was not life threatening and that help was on its way. In short, the claimant was not compelled to jump to his co-worker's aid as a result of any negligence of the appellant and accordingly any such negligence was not a proximate cause of his injuries. Accordingly, the appellant's motion should have been granted in its entirety, and the claim dismissed. Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.