■ WILLIAM EGAN et al., Respondents, v A.J. CONSTRUCTION CORP. et al., Appellants, et al., Defendants. (And a Third-Party Action.) [691 NYS2d 495] —Order, Supreme Court, New York County (Emily Goodman, J.), entered October 24, 1997, which, insofar as appealed from, denied defendants' motions for summary judgment, modified, on the law, to dismiss so much of the complaint as alleges defendants' violation of Labor Law § 240 (1), and otherwise affirmed, without costs.

The motion court correctly denied the motions for summary judgment on plaintiffs' common-law negligence and Labor Law § 200 claims. Plaintiff's conduct under the circumstances did

not constitute a superseding cause of his injuries as a matter of law.

"When an intervening act also contributes to the plaintiff's injuries, 'liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence' " (*Boltax v Joy Day Camp*, 67 NY2d 617, 619, quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). Only when, as a matter of law, the plaintiff's conduct is so "reckless" or "obviously fraught with danger" as to be entirely unforeseeable, is such conduct properly viewed as a superseding cause, obviating the need for the jury to consider whether the plaintiff's injury was a foreseeable result of the defendant's negligence (*Wright v New York City Tr. Auth.*, 221 AD2d 431, 432, *lv denied* 88 NY2d 806; *Lionarons v General Elec. Co.*, 215 AD2d 851, 853, *affd* 86 NY2d 832). "[A]n intervening act will constitute a superseding cause and 'will serve to relieve defendant of liability when the act is *of such an extraordinary nature* or so attenuates defendant's [conduct] from the ultimate injury that responsibility for the injury may not be reasonably attributed to defendant' " (*Mack v Altmans Stage Light. Co.*, 98 AD2d 468, 471, quoting *Kush v City of Buffalo*, 59 NY2d 26, 33 [emphasis added]).

Plaintiff was in a stalled freight elevator with approximately 25 to 30 other workers. The elevator was six feet off the ground. Although the elevator operator had telephoned someone in the lobby and asked for a mechanic, no help had arrived during the 10 to 15-minute period that plaintiff waited. Finally, after everyone but the elevator operator had safely jumped from the elevator to the lobby floor six feet below, plaintiff decided to follow. He landed on his feet, but sustained a back injury from the impact.

Although there are some parallels between these facts and those of *Antonik v New York City Hous. Auth.* (235 AD2d 248, *lv denied* 89 NY2d 813), the court must consider all the circumstances surrounding the jump in deciding whether a plaintiff's jump from a stalled elevator was so reckless or unforeseeable as to constitute a superseding cause as a matter of law (*see, e.g., Lopez v New York City Hous. Auth.*, 159 AD2d 236; *see also, Mas v Two Bridges Assocs.*, 75 NY2d 680). In *Antonik*, a construction elevator used to transport construction materials had stalled between the 6th and 7th floors, and the plaintiff's decedent tried to climb out and jump down to the sixth floor, missed, and fell to his demise. That six-foot jump, which first required passing over a 2½-foot space, was fraught with peril.

In contrast, here plaintiff's jump was preceded by the uneventful jumps of 25 or 30 other passengers, and there was another person standing below, to assist in avoiding any danger of somehow falling or rolling into the elevator shaft. There is no evidence that the elevator operator did or said anything to try to stop anyone, or indicated a concern that the jump was dangerous. Nor is there evidence of any policy or prior practice in place, as existed in *Antonik*, establishing that assistance would arrive shortly and that therefore the workers should wait for help. Under the circumstances presented, plaintiff's jump cannot be termed so reckless or obviously fraught with danger as to be entirely unforeseeable as a matter of law.

Nor do the other cases relied upon by defendant provide any additional support for defendants' claim. In each case the plaintiff's conduct could only be called unnecessarily rash and perilous. For instance, in *Jackson v Greene* (201 NY 76), an electrician operating an elevator that had stalled decided to exit the elevator by climbing down through an opening between the floor of the car and the ceiling of the sixth floor; his hands slipped and he fell down the elevator shaft. There, evidence indicated that plaintiff's decedent knew another employee was in the process of changing the fuse, which repair method had been successful on prior occasions where the elevator stalled. Consequently, it appears that the clear risk taken by the plaintiff there was unnecessary. Similarly, in *Mack v Altmans Stage Light. Co.* (98 AD2d 468, *supra*), an unsecured ladder blew to the ground, and rather than call to a passerby to summon assistance in retrieving the ladder, the plaintiff tried to use a rope to lower himself to the ground 30 feet below; it broke and he fell.

In contrast with the foregoing, here we cannot find as a matter of law that plaintiff's conduct was unreasonably risky under the circumstances. The issue of foreseeability, along with negligence and proximate cause, should be left to the jury.

However, the cause of action brought pursuant to Labor Law § 240 (1) must be dismissed, since that provision applies to workers injured as a result of inadequate or missing safety equipment at elevated work sites (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487), and is therefore inapplicable here. Motion for reargument granted, and upon reargument, the unpublished prior decision and order of this Court entered on March 16, 1999 (Appeal No. 3020) recalled and vacated, and a new decision and order substituted therefor. Motions for leave to appeal to the Court of Appeals granted, as indicated. Concur—Ellerin, P. J., Mazzarelli and Saxe, JJ.

Lerner and Andrias, JJ., dissent in part in a memorandum by Andrias, J., as follows: We disagree with the majority and agree with defendants-appellants that plaintiff's jump from an elevator stalled six feet above floor level was an intervening act which constituted a superseding cause for the back injury he sustained as he landed on his feet. That plaintiff waited 10 to 15 minutes after the door of the elevator was forced open and all the 25 to 30 other people, with the exception of the elevator operator, had jumped to the lobby floor without misadventure, should not change the result, as their reckless action made plaintiff's action neither more foreseeable nor less risky.

Likewise, the IAS Court's characterization of our rationale in *Antonik v New York City Hous. Auth.* (235 AD2d 248) is unconvincing inasmuch as our holding in that case turned not on the fact that, unlike here, there had been prior instances of elevators stalling at the project, but the fact that there was an unforeseeable intervening act, i.e., the attempt to exit the elevator by plaintiff's decedent, an experienced worker who was not in an emergency situation and who, like plaintiff here, would not have been injured had he waited for an engineer to restart the elevator as was the practice in prior stalling incidents.

Unlike the frightening situation where a passenger is trapped alone in a darkened elevator which stopped abruptly at a high floor, the elevator here stopped smoothly six feet above the lobby, the lights in the elevator never went off and the operator telephoned someone in the lobby and asked for a mechanic. It was simply unforeseeable that plaintiff would jump from a place of admitted safety as he did (*see, Jackson v Greene*, 201 NY 76, 79; *Mack v Altmans Stage Light. Co.*, 98 AD2d 468, 473, cited in *Antonik v New York City Hous. Auth.*, *supra*).