■ ESMERALDO MARQUES et al., Appellants-Respondents, v SUFFOLK COUNTY SEWER AGENCY et al., Defendants, and COUNTY OF SUFFOLK, Respondent-Appellant. [708 NYS2d 328] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated April 13, 1999, as denied their motion for partial summary judgment on the issue of liability on their cause of action pursuant to Labor Law § 240 (1) insofar as asserted against the defendant County of Suffolk, and the defendant County of Suffolk cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing that cause of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, the cross motion is granted, and the cause of action pursuant to Labor Law § 240 (1) is dismissed insofar as asserted against the defendant County of Suffolk; and it is further,

Ordered that the defendant County of Suffolk is awarded one bill of costs.

The evidence submitted by the defendant County of Suffolk established that the injured plaintiff's conduct was the sole proximate cause of his injuries (*see, Tsangalidis v O.K.G. Professional Consultants,* 243 AD2d 627; *Antonik v New York*

*City Hous. Auth.*, 235 AD2d 248; *Cannata v One Estate*, 127 AD2d 811). The plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact. Consequently, the County's cross motion for summary judgment dismissing the cause of action predicated upon Labor Law § 240 (1) insofar as asserted against it should have been granted. Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.