ALBERT PLASS et al., Respondents, v CHERYL SOLOTOFF et al., Appellants. [773 NYS2d 84]—

In an action to recover damages for personal injuries, etc., the defendants Cheryl Solotoff and Deli Designs, Inc., separately appeal from an order of the Supreme Court, Nassau County (DeMaro, J.), dated January 31, 2003, which, in effect, denied their separate motions pursuant to CPLR 4401, made at the close of the plaintiffs' evidence, for judgment as a matter of law.

Ordered that on the Court's own motion, the defendants' notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, the motions are granted, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff Albert Plass (hereinafter the injured plaintiff)

conducted a drywall business as a sole proprietorship under the name Custom Craft Drywall, and had two employees. The injured plaintiff was hired by the defendant Deli Designs, Inc. (hereinafter the Deli), the general contractor, to perform, inter alia, drywall work in connection with a construction of a bagel store in Great Neck. Pursuant to an oral agreement with the Deli, the injured plaintiff was to provide all materials and equipment necessary to complete the work. The injured plaintiff brought a scaffold he owned to the job site. The scaffold, which he had purchased, was 10 feet by 5 feet. It included three planks which, when placed side by side across the long side of the scaffold, covered its entire area. Each plank was approximately 10 feet long and 18 inches wide.

On the day of the accident, the injured plaintiff intended to tape and spackle the main floor of the job site premises. Although the injured plaintiff had all three planks at his disposal, he elected to use only one plank on the scaffold. This necessarily left an unprotected $3^1/_2$-foot gap on the platform. While standing on that one plank on the top level of the scaffold, the injured plaintiff stepped backward and fell off of its edge, falling to the ground within the confines of the scaffold. The scaffold did not move or fall at the time of the accident.

The injured plaintiff and his wife commenced the instant action against the defendants, the owner of the premises, and the general contractor, alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6). At the close of the plaintiffs' case, the defendants separately moved for judgment as a matter of law, arguing, inter alia, that the injured plaintiff's actions were the sole proximate cause of his injuries. The court reserved decision on the motions. After the jury returned a verdict in which it found, inter alia, that the defendants were 10% at fault in the happening of the accident and the plaintiff was 90% at fault, and that the usage of the subject scaffold violated 12 NYCRR 23-5.18 (a), the court returned to the defendants' motions. In an order dated January 31, 2003, the court, in effect, denied the defendants' motions. We reverse.

To prevail on a claim pursuant to Labor Law § 240 (1), a plaintiff must establish a violation of the statute and that such violation was a proximate cause of his or her injuries (*see Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 524 [1985]). A plaintiff cannot recover under Labor Law § 240 (1) if the accident was caused solely by his or her conduct (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280 [2003]; *see also Weininger v Hagedorn Co.,* 91 NY2d 958, 960 [1998]).

The proof presented by the plaintiffs showed that the injured

plaintiff, the owner of the subcontracting business, unilaterally made the determination to use only one plank on the scaffold he owned, despite having all three planks available to him for use. Under these circumstances, his actions were the sole cause of his injuries as a matter of law and he cannot recover for his injuries under Labor Law § 240 (1) (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra; Marques v Suffolk County Sewer Agency*, 272 AD2d 452 [2000]; *Tsangalidis v O.K.G. Professional Consultants*, 243 AD2d 627 [1997]; *Cannata v One Estate*, 127 AD2d 811 [1987]; *see also Ossorio v Forest Hills S. Owners*, 251 AD2d 475 [1998]).

The same result applies with respect to the plaintiffs' claim pursuant to Labor Law § 241 (6). To recover damages for a violation of Labor Law § 241 (6), a plaintiff must establish a violation of the statute and that the violation proximately caused his or her injuries. In this instance, the proof offered by the plaintiffs showed that, as a matter of law, the injured plaintiff's actions were the sole proximate cause of the accident, and it was not caused by a violation of the statute. Thus, the plaintiffs were not entitled to recover pursuant to Labor Law § 241 (6) (*see Alexandre v City of New York*, 300 AD2d 263 [2002]; *Misirlakis v East Coast Entertainment Props.*, 297 AD2d 312 [2002], *lv denied* 100 NY2d 637 [2003]).

Since the plaintiffs' proof showed that the injured plaintiff's actions were the sole proximate cause of the accident, the defendants motions for judgment as a matter of law pursuant to CPLR 4401 should have been granted (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Prestia v Mathur*, 293 AD2d 729, 730 [2002]; *see also Gayle v City of New York*, 92 NY2d 936 [1998]; *Lejkowski v Siedlarz*, 2 AD3d 791 [2003]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.