OPINION OF THE COURT
Paul, A. Victor, J.
Issues Presented
A myriad of the usual Labor Law issues are presented by the motions herein, including the allegation that plaintiffs actions were the sole proximate cause of the injuries sustained. However, the novel nuance now presented is whether the recent Court of Appeals decision in Blake v Neighborhood Hous. Servs. of N.Y. City (1 NY3d 280 [2003]) imposes a new Labor Law § 240 standard which now dictates the outcome of this case. In other words, has the Court of Appeals, in Blake, announced a departure from the former controlling mandate “that section 240 (1) is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed” (Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991] [internal quotation marks omitted]), and from the imposition of strict (absolute) liability? This court believes that Blake is more a reflection of the limited review power of the Court of Appeals, rather than a dilution of the strict obligations imposed upon owners and contractors to afford proper protection to construction workers who are exposed to elevation-related risks. Blake does not change the Labor Law landscape, it merely provides an excellent and updated in-depth analysis of the history and purpose of Labor Law § 240, and a summary of the well-established principles and decisions thereunder.
The Relevant Facts
Plaintiff was injured on September 15, 2000 when he fell from a three-story scaffold, approximately 30 feet above ground, while employed in connection with a construction project at 181st Street and Webster Avenue in Bronx County, erecting a building for the Department of Transportation of the City of *544 New York. According to the plaintiff, the scaffold was not equipped with safety railings; and the record does not indicate that plaintiff was supplied with any other safety device, such as a safety harness. Plaintiff alleges causes of action under Labor Law §§ 240, 241 and 200. Defendant Volmar was the general contractor on the project; defendant Gibraltar was the supplier of the scaffold from which plaintiff fell, as well as the masonry contractor on the project.
Plaintiff testified at his pretrial deposition that he was dispatched from his labor union to work for Windsor, but that he reported to “Lionel,” the foreman employed by Volmar, as well as “Danny,” another Volmar employee — in fact, plaintiff stated at his deposition that he believed that Volmar “owned” Windsor. In addition, while he was supervised by “Lionel” and “Danny,” he was directed by them to perform services for Gibraltar. While working on Gibraltar’s work assignments, plaintiff performed work as a “mason tender,” i.e., an assistant to the bricklayers. The scaffold which plaintiff erected on Gibraltar’s behalf was apparently to be used in connection with Gibraltar’s masonry work; and, according to plaintiff, Gibraltar had not supplied railings with the scaffold.
“Kevin,” another Windsor employee, who like the plaintiff apparently had been assigned to work with Gibraltar employees in connection with masonry work, was operating a “lull” — a device which functions in a manner similar to a forklift, and which is used to hoist mortar, steel, and concrete blocks to workers on the scaffold. Plaintiff had seen and was aware, having set up the scaffold, that a 200-volt electrical line used by ironworkers at the job site was hanging close to the scaffold. Defendants Kanta and Crescent allege that the wire hanging from the building was used in the work performed by an entity known as Starboro Construction, which has not appeared in this action, and that the wire was powered by a generator and was not attached to the electrical service of the building. Kevin, while working the lull, had entangled the lull with this 200-volt line. According to plaintiff’s surmise, Kevin called upon plaintiff to assist him with the problem “because I’m the shop steward and he looked up to me.” In any event, a jury could find that plaintiff was assisting a coworker in the course of their mutual employment duties, and that plaintiff was responding to a dangerous condition not created by him. The plaintiff climbed the scaffold, searching for the cable, and in fact climbed off the scaffold and positioned himself so that he was straddling the scaffold and *545 the platform of the lull machine. At that point in time, plaintiff received an electrical shock, and was “frozen” to the lull machine momentarily and unable to get back onto the scaffold. He then fell to the ground, receiving injuries.
Defendant City of New York contends that the accident was not a result of the failure of a safety device, or of the lack of handrails on the scaffold (assuming that to be the case), but was instead solely the result of plaintiffs own negligence. The City argues, in essence, that plaintiffs conduct was the “sole proximate cause” of the accident. The City argues, further, that since it did not supervise the work, the claims against it based on Labor Law § 200 should be dismissed. Lastly, the City argues that it is entitled to both contractual and common-law indemnity from Gibraltar, since the accident arose out of the subcontract work performed by Gibraltar.
Windsor contends that it was the plaintiffs employer, and that it cannot be held liable unless plaintiff suffered a “grave injury” within the meaning of Workers’ Compensation Law § 11. Since plaintiff did not sustain a “grave injury” within the meaning of that section, Windsor seeks dismissal of all claims against it. Windsor relies on a decision of the Workers’ Compensation Board finding that “Windsor Forrest Ltd. Inc.”[1] is the plaintiff’s employer, as well as plaintiffs deposition testimony that he was paid by Windsor.
Volmar contends that it was the plaintiffs special employer. Volmar relies on plaintiffs deposition testimony that he received instructions at the job site from “Lionel” and “Danny.” Vol-mar’s witness, Lionel Thompson, testified that he supervised the plaintiff as his employee. In addition, Volmar also submits a one-page agreement between Volmar and Windsor in which Windsor agreed to provide laborers to Volmar in connection with the project.
The plaintiff seeks summary judgment in his favor on liability. Various other defendants have moved for summary judgment, contending that they were not involved in the happening of the accident.
Claims Raised under Labor Law § 240; Generally
It is now well settled that, when it is shown “that the violation of section 240 . . . was a contributing cause of [an accident *546 and injury to a plaintiff],” absolute liability is vicariously imposed on all “contractors and owners and their agents.” (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 524, 523 n 2 [1985]; Rizzuto v Wenger Contr. Co., 91 NY2d 343.) It is equally “well settled that the injured’s contributory negligence is not a defense to a claim based on Labor Law § 240 (1) and that the injured’s culpability, if any, does not operate to reduce the owner/contractor’s liability for failing to provide adequate safety devices.” (Stolt v General Foods Corp., 81 NY2d 918, 920 [1993].) As noted in Blake (supra), “strict” or “absolute” liability is not meant to imply that owners and contractors must be held accountable for every injury suffered by a construction worker regardless of fault. For emphasis, the Court of Appeals in Blake reiterated that “ [throughout our . . . jurisprudence we have stressed two points in applying the doctrine of strict (or absolute) liability. First, that liability is contingent on a statutory violation and proximate cause . . . and second, that when those elements are established, contributory negligence cannot defeat the plaintiff’s claim.” (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003].)
The core objective of section 240 is proper protection. Therefore, a nondelegable duty is imposed upon all responsible entities to protect construction workers, not just with scaffolds, but with such “ladders . . . ropes, and other devices ... as to give proper protection to [such workers]” (Labor Law § 240 [1] [emphasis added]). When a construction worker is not provided with “proper protection” and is injured as a result of one of the hazards, which section 240 was enacted to eradicate, the general common-law defenses are not available, and absolute liability is imposed on all responsible entities. However, it has been made abundantly clear that “section 240 does not give absolution to the plaintiff where his injury has been caused, exclusively, as a result of, his own willful or intentional acts.” (Tate v Clancy-Cullen Stor. Co., 171 AD2d 292, 296 [1st Dept 1991] [additional emphasis supplied].) This kind of egregious conduct has evolved into the legal “axiom” that liability will not be imposed upon owners and contractors when the worker’s conduct is the “sole proximate cause” of the occurrence. {Weininger v Hagedorn & Co., 91 NY2d 958, 960 [1998] [emphasis supplied], rearg denied 92 NY2d 875 [1998].)
Limitations on the Sole Proximate Cause Defense
The “sole proximate cause” defense must logically be limited to the situation where a worker has been provided with “proper *547 protection,” and the worker thereafter, through intentional misuse of the safety device, or via other egregious misconduct, neutralizes the protections afforded by the safety device. (McMahon v 42nd St. Dev. Project, 188 Misc 2d 25 [Sup Ct, Bronx County 2001].) Thus, once a plaintiff makes a prima facie showing that he or she was subjected to one of the hazards covered by section 240, the burden shifts to the defendant to provide evidentiary proof in admissible form (not speculation) sufficient to establish that proper protection was afforded but rendered ineffective as a result of intentional or culpable conduct on the part of plaintiff. Every inquiry by the court into proximate cause must then necessarily include a review of the scope of the “hazards” and the “protections” intended to be covered by section 240, as well as an analysis and determination as to who bears the burden of proof, production and persuasion on the issues presented.
Although section 240 does not expressly set forth the occupational hazards sought to be addressed, it does by inference identify these special hazards via a menu of expressly stated safety devices by which these construction perils are to be avoided and the core objective (i.e., proper protection) achieved. (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500-501 [1993]; see also, Cahill v Triborough Bridge & Tunnel Auth., 4 AD3d 236 [1st Dept 2004]; Morin v Machnick Bldrs., 4 AD3d 668 [3d Dept 2004].)
Blake and the Limited Review Power of the New York Court of Appeals
The Court of Appeals is a court of limited jurisdiction, and except in limited circumstances, is constitutionally confined to a review of questions of law, and is precluded from a review of questions of fact. (CPLR 5501 [b]; Karger, Powers of the New York Court of Appeals, ch 2, § 2 [b], at 10 [3d ed 1997] [scope of review].) The Court of Appeals has oft observed that its review mandate does not extend to the alteration of findings of fact made by the jury which have been affirmed by the Appellate Division. (Id., ch 13, § 80 [b], at 502-503 [limitations on review of unreversed findings].)
Overlooked by most commentators, who have speculated on the meaning of Blake [2] is the initial observation of the Court as to the issues presented which incorporates the unreversed *548 factual findings of the jury by which the Court was bound (at 283):
“We are presented with the question whether a plaintiff who was injured while using a ladder may prevail in a Labor Law § 240 (1) action even when a jury finds that the ladder was so constructed and operated as to give him proper protection and he was the sole cause of his injury. In deciding the appeal, it is necessary for us to address the concept of strict (or absolute) liability and the predicates for its application under Labor Law § 240 (1)” (emphasis added).
Having been presented with these affirmed factual findings (that proper protection was provided to plaintiff and that it was his actions that were the sole proximate cause of his injury), the Court of Appeals had no legal or factual predicate for the imposition of absolute liability on the defendants. It was beyond the Court’s review power under the circumstances presented to do anything but affirm the Appellate Division’s affirmance of the jury’s verdict. Everything in the decision relating to the above issue, beyond the words “we affirm” appearing on page 284 of the decision, was merely a reiteration of the already well-established principles of law and the history and purpose of Labor Law § 240. Clearly, there was no predicate for the imposition of strict liability and short of “judicial legislation” the Court was powerless to impose such vicarious liability. As observed by the Court (at 290):
“there can be no liability under section 240 (1) when there is no violation and the worker’s actions (here, his negligence) are the ‘sole proximate cause’ of the accident. Extending the statute to impose liability in such a case would be inconsistent with statutory goals since the accident was not caused by the absence of (or defect in) any safety device, or in the way the safety device was placed.”
In any event, in view of the jury’s findings of fact, the Court was mandated to hold that there was no statutory violation and there is no predicate for the imposition of liability. Blake cannot, and should not, therefore, be read as varying the well-established standards which apply in Labor Law § 240 actions; and Blake should not, as erroneously assumed by some commentators, be viewed as a beacon for a change in judicial interpretation of the Labor Law. (See also, Morin v Machnick Bldrs., 4 AD3d 668 [3d Dept 2004].)
*549 Discussion
The City and. Plaintiffs Motions under Section 240 of the Labor Law
The proponent of a motion for summary judgment carries the initial burden of production of evidence as well as the burden of persuasion. (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Director, Off. of Workers’ Compensation Programs v Greenwich Collieries, 512 US 267, 272; 300 E. 34th St. Co. v Habeeb, 248 AD2d 50 [1st Dept 1997].) Thus, on plaintiffs cross motion for summary judgment on the issue of liability under Labor Law § 240 (1), it is plaintiffs burden to submit “proof establishing that his injury was proximately caused by the [absence or inadequacy of] a safety device to afford him proper protection from an elevation-related risk” (Cricks v Niagara Mohawk Power Corp., 278 AD2d 813, 814 [4th Dept 2000]); and conversely, it is the burden of the defendant City, on its motion, to establish the contrary proposition. In addition, it is axiomatic that, when the existence of an issue of fact is even arguable or debatable, summary judgment should be denied. (Stone v Goodson, 8 NY2d 8 [1960]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957].) The role of the court is to determine if bona fide issues of fact exist, and not to resolve issues of credibility. (Knepka v Tallman, 278 AD2d 811 [4th Dept 2000].)
A Labor Law case, like other personal injuries cases, requires a showing of both elements of fault, i.e., a showing not only of actionable conduct on the part of the defendant, but also, that the conduct was a proximate cause of injury. It is therefore necessary for the plaintiff to establish, first, that there was a violation of the statute, and second, that this violation was a proximate cause of his injury.[3] Although plaintiff has provided prima facie proof of a violation of Labor Law § 240, plaintiff has not satisfied his burden of establishing, as a matter of law, that said violation was a proximate cause of the accident. Conversely, the defendant City has also not established that plaintiff’s conduct was the sole proximate cause of the accident and injuries, as a matter of law.
On a motion for summary judgment, there is, in the abstract, no procedural impediment to the making of a summary determination that a plaintiffs conduct was the sole proximate cause *550 of his or her injuries. For example, in Urias v Orange County Agric. Socy. (7 AD3d 515 [2d Dept 2004]), summary judgment was granted dismissing Labor Law causes of action since plaintiffs unforeseeable act in scaling a wall rather than waiting for a ladder to be made available to him was held to constitute the sole proximate cause of his injuries as a matter of law. Similarly, in Plass v Solotoff (5 AD3d 365 [2d Dept 2004]), the Appellate Division found as a matter of law that plaintiff was the sole cause of his own injuries and, therefore, granted a motion for a directed verdict made by defendant at the close of plaintiffs case. In that case, the plaintiff Plass, who owned a subcontracting business, unilaterally made the determination to use only a one-plank scaffold despite having the requisite three planks available to him, and thus caused his own injury (Plass v Solotoff, supra).
In this action, as distinguished from the aforesaid cases supra, plaintiffs uncontradicted testimony establishes the first prong of fault, i.e., that there was a violation of the statute (no guardrails; and no fall arrest safety equipment). (See, Rodriguez v Forest City Jay St. Assoc., 234 AD2d 68 [1st Dept 1996]; see also, Morin v Machnick Bldrs., supra.) However, while plaintiff is entitled to a finding that there was a statutory violation, the factual issue to be determined is whether the violation was a proximate cause of plaintiffs injuries. (See, Pulsifer v Eastman Kodak Co., 219 AD2d 880 [4th Dept 1995] [while scaffolding lacked guardrails in contravention of Labor Law § 240 (2), plaintiff did not establish that the violation of the statute was a proximate cause of his injuries inasmuch as plaintiff was descending a ladder between levels when he fell].)
Defendant City argues that since the plaintiff climbed off the scaffold and was balanced between the scaffold and the lull machine, no guardrail could have served its intended purpose of protecting the plaintiff from falling; according to defendant’s argument, plaintiff would necessarily have circumvented the protection afforded by the guardrail by climbing over or under the rail and hanging from the side of the scaffold in order to reach for the cable. This argument ignores the protection which could have been provided by a fall safety harness. In any event, the facts are not so clear as to preclude a finding that the lack of railings contributed to the happening of the accident. The “sole proximate cause” issue is at the very least “arguable or debatable” and thus not susceptible to summary determination (see, Stone v Goodson, supra; Sillman v Twentieth Century-Fox, *551 supra). Based on the record herein presented, this court believes that it is for the jury to determine whether or not plaintiff recklessly chose a dangerous course of action, and was thus solely responsible for his own injuries. The weight of authority favors resolution of these issues by the trier of fact. (Compare, Weininger v Hagedorn & Co., 91 NY2d 958 [1998] [jury issue as to sole proximate cause when plaintiff climbed wrong side of A-frame ladder]; Meade v Rock-McGraw, Inc., 307 AD2d 156 [1st Dept 2003] [worker who unilaterally chose to place the ladder against the wall in a closed position and who did not speak to his supervisor before setting up the ladder not entitled to summary judgment in his favor; issue raised as to sole proximate cause].)[4]
Conclusion
The motions made by the plaintiff Robinson and by the defendant, the City of New York, for summary judgment under Labor Law § 240 are each denied.
[Portions of opinion omitted for purposes of publication.]

. No party argues that “Windsor Forrest Ltd. Inc.” is a different entity from “Windsor Forrest Ltd.”

. See, Mezzacappa and Gitnik, Court of Appeals Ruling Significantly Affects Labor Law Cases, NYLJ, Mar. 11, 2004, at 4, col 4; Caher, Court of Appeals Rejects Expansion of Scaffold Law, NYLJ, Dec. 24, 2003, at 1, col 4.

. As to the distinction between “a” proximate cause and “the” proximate cause, see McMahon v 42nd St. Dev. Project (188 Misc 2d 25 [Sup Ct, Bronx County 2001]).

. Discussion of all other issues raised (including those involving “Grave Injury”; “Special Employee”; “Common-Law and Contractual Indemnification and Insurance”; and Labor Law § 200) have been omitted from this edited version of the decision.