■ JOHN HUGHES, Respondent, v COUNTY OF NASSAU et al., Appellants. (And a Third-Party Action.) [729 NYS2d 535] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated July 24, 2000, which granted the plaintiff's motion for partial summary judgment on the cause of action pursuant to Labor Law § 240 (1), and denied their cross motion for summary judgment dismissing those causes of action asserted in the complaint pursuant to Labor Law § 240 (1) and § 241 (6). The appeal brings up for review so much of an order of the same court, dated October 16, 2000, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated July 24, 2000, is dismissed, without costs or disbursements, as that order was superseded by the order dated October 16, 2000, made upon reargument; and it is further,

Ordered that the order dated October 16, 2000, is reversed insofar as reviewed, on the law, the order dated July 24, 2000, is vacated, the motion is denied, the cross motion is granted, and those causes of action asserted pursuant to Labor Law § 240 (1) and § 241 (6) are dismissed; and it is further,

Ordered that the defendants are awarded one bill of costs.

On November 13, 1995, the plaintiff and other workers were transported to a construction site in the back of a flatbed truck owned and operated by the defendant N. Kruger, Inc., the general contractor. At the construction site, the plaintiff was injured when, while getting off the truck by climbing down a makeshift ladder, the truck pulled away, causing him to fall. The plaintiff commenced this action to recover for personal injuries he sustained in the accident, asserting causes of action pursuant to, *inter alia,* Labor Law § 240 (1) and § 241 (6).

The defendants are entitled to the dismissal of the Labor Law § 240 (1) claim, since the plaintiff was not injured while

working on a building or a structure, and his action in getting off the truck did not pose an elevation-related risk (*see, Vargas v State of New York,* 273 AD2d 460; *Burgos v Group Mgt.,* 271 AD2d 314). The danger to the plaintiff was occasioned by the truck moving, and was not based on height (*see, Dilluvio v City of New York,* 264 AD2d 115, *affd* 95 NY2d 928).

The plaintiff's claim under Labor Law § 241 (6) must also be dismissed, because the Industrial Code provisions upon which it is premised are inapplicable to the facts of this case (*see, Wilke v Communications Constr. Group,* 274 AD2d 473; *Randazzo v Consolidated Edison Co.,* 271 AD2d 667). Ritter, J. P., Krausman, Luciano and H. Miller, JJ., concur.