■ GEORGE MISIRLAKIS et al., Appellants, v EAST COAST ENTERTAINMENT PROPERTIES, INC., et al., Respondents. [746 NYS2d 307]

This action arises out of an accident occurring on a fire escape attached to the building in which the plaintiff George Misirlakis (hereinafter the plaintiff) was performing demolition work. On the day of the accident the plaintiff exited the building in order to obtain a saw blade for his fellow workers. When he returned he realized he had forgotten his keys and the doors were locked. The plaintiff attempted to enter the building through an open door on the second floor by climbing onto the fire escape from a large dumpster located at the rear of the building. He was injured when a rung of the fire escape ladder collapsed and he fell into the dumpster.

The plaintiff commenced this action against East Coast Entertainment Properties, Inc., the owner of the building, and Mast Enterprises, Inc., the lessee of the building, alleging violations of Labor Law §§ 200, 240 and 241 (6) and common-law negligence. His wife Vasilia Misirlakis asserted a derivative claim. The Supreme Court granted the defendants' cross motion for summary judgment dismissing the complaint, and denied the plaintiffs' motion, inter alia, for summary judgment on the issue of liability pursuant to Labor Law § 240 (1). We affirm.

To impose liability upon the defendants for violations of the Labor Law and common-law negligence the violations or negligence must constitute a proximate cause of the accident (see *George v State of New York,* 251 AD2d 541; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468). In the instant case, it is apparent from the record that the defendants' alleged violations of the Labor Law and common-law negligence were not proximate causes of the accident. Rather, the plaintiff George

Misirlakis' unnecessary and unforeseeable act of climbing onto the dumpster and ascending the fire escape was the sole and superseding proximate cause of his injuries (*see George v State of New York, supra*).

The plaintiffs' remaining contentions are without merit or need not be addressed in light of our determination. Santucci, J.P., S. Miller, Goldstein and Townes, JJ., concur.