PETRO YEDYNAK, Appellant, v CITNALTA CONSTRUCTION CORP., Respondent. [803 NYS2d 705]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated June 15, 2004, as denied his motion for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1), and granted those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action based on Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured during a construction project when a section of a roof where he was working with a jackhammer gave way and he fell to the floor below. He commenced this action against Citnalta Construction Corp., the general contractor on the project, to recover damages, inter alia, for violations of Labor Law § 240 (1) and § 241 (6). After issue was joined and significant disclosure, the plaintiff moved for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1). The defendant cross-moved

for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. We affirm.

The plaintiff testified at his examination before trial that he was provided with a safety harness, instructed in the proper use of the harness, and directed by his supervisors to use the harness at all times while on the roof and on the scaffolding used to access the roof. However, it is undisputed that the plaintiff was not using his safety harness at the time of his fall, although the defendant presented testimony that a safety line was available near where the plaintiff fell, and that the harness would have prevented his fall to the floor below. Indeed, the plaintiff testified that, although "[u]sually everybody has to wear a safety harness," it was "the end of the day and everyone was getting ready to go home." This evidence was sufficient to demonstrate, prima facie, that the sole proximate cause of the plaintiff's fall was his own conduct in failing to use the safety equipment provided, not violations of Labor Law § 240 (1) and § 241 (6) (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]; *Gambino v Massachusetts Mut. Life Ins. Co.*, 8 AD3d 337 [2004]; *Plass v Solotoff*, 5 AD3d 365 [2004]; *Misirlakis v East Coast Entertainment Props.*, 297 AD2d 312 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action. Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.