■ Isabella Leniar et al., Respondents-Appellants, v Metropolitan Transit Authority et al., Appellants-Respondents. [829 NYS2d 619]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Ruditzky, J.), dated January 31, 2006, as denied that branch of their cross motion which was for summary judgment dismissing the plaintiffs' cause of action alleging a violation of Labor Law § 240 (1), and the plaintiffs cross-appeal, as limited by their

brief, from so much of the same order as denied their motion for summary judgment on that cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Labor Law § 240 (1) imposes a nondelegable duty upon owners, contractors, or their agents to provide proper protection to workers performing certain types of duties (*see Bland v Manocherian*, 66 NY2d 452 [1985]; *Figueroa v Manhattanville Coll.*, 193 AD2d 778 [1993]; *Merante v IBM*, 169 AD2d 710 [1991]). "In order to prevail on a cause of action pursuant to Labor Law § 240 (1), the plaintiff must establish a violation of the statute and that the violation was a proximate cause of his injuries" (*Skalko v Marshall's Inc.*, 229 AD2d 569, 570 [1996]; *see Gandley v Prestige Roofing & Siding Co.*, 148 AD2d 666 [1989]).

The plaintiff Marcos Leniar (hereinafter the plaintiff) was injured on August 13, 2002 when he fell approximately 13 feet from a scissor lift while painting a section of the Verrazano Bridge, which is owned by the defendant Triborough Bridge and Tunnel Authority and managed by the defendant Metropolitan Transportation Authority, sued herein as Metropolitan Transit Authority. The defendants established, prima facie, that the plaintiff was provided with a safety harness and a lanyard, that he was present for several safety meetings at which he was instructed in the use of the harness, that he was instructed to tie-off the harness at all times while using the scissor lift, and that the plaintiff intentionally unhooked his harness and climbed on the railing of the scissor lift, in direct violation of these instructions. The parties do not dispute that the plaintiff would not have fallen to the ground and sustained injuries if his harness had been hooked to the scissor lift.

Moreover, the affidavit of one of the plaintiff's supervisors further demonstrated that the plaintiff was instructed to paint only those areas which he could safely reach. The plaintiffs failed to submit any evidence to contradict this. The defendants thus established that the plaintiff's conduct was the sole proximate cause of his injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 552-555 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 283 [2003]; *Yedynak v Citnalta Constr. Corp.*, 22 AD3d 840 [2005]). Therefore, the Supreme

Court erred in denying that branch of the defendants' cross motion which was for summary judgment dismissing the plaintiffs' cause of action alleging a violation of Labor Law § 240 (1).

In view of the foregoing, we need not address the parties' remaining contentions. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.