■ ROBERT GITTLESON et al., Appellants, v COOL WIND VENTILATION CORP. et al., Respondents. [848 NYS2d 709]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dorsa, J.), entered July 21, 2006, as amended by a so-

ordered stipulation dated September 20, 2006, which granted the motion of the defendant 37th Avenue Associates and the separate motion of the defendant Cool Wind Ventilation Corp., inter alia, for summary judgment dismissing the complaint insofar as asserted against them, respectively.

Ordered that the order, as amended, is affirmed, with one bill of costs.

To recover on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute, and that the violation was a proximate cause of the accident (*see Robinson v East Med. Ctr., LP,* 6 NY3d 550, 553-555 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 287 [2003]; *Marin v Levin Props., LP,* 28 AD3d 525 [2006]). A plaintiff cannot recover under Labor Law § 240 (1) if his or her actions were the sole proximate cause of the accident (*see Robinson v East Med. Ctr., LP,* 6 NY3d at 553-555; *Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280 [2003]; *Marin v Levin Props., LP,* 28 AD3d 525 [2006]). Here, the two defendants each made a prima facie showing that the plaintiff Robert Gittleson (hereinafter the injured plaintiff) was injured in an accident that was not proximately caused by a violation of Labor Law § 240 (1). Rather, it was caused solely by the actions of the injured plaintiff in choosing to use an improperly-placed, unopened, and unsecured ladder rather than the one he had brought and used earlier that day. The evidence submitted in opposition failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the motion of the defendant 37th Avenue Associates and the separate motion of the defendant Cool Wind Ventilation Corp. which were for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against each of them (*see Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d at 289-290 n 8; *Negron v City of New York,* 22 AD3d 546, 547 [2005]; *Plass v Solotoff,* 5 AD3d 365 [2004]; *Ross v Threepees Realty Corp.,* 258 AD2d 575 [1999]).

The defendants respectively established their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages under Labor Law § 241 (6) insofar as asserted against each of them on the ground that the alleged violations of Labor Law § 241 (6) were not a proximate cause of the accident, and that the sole proximate cause of the accident was the injured plaintiff's own actions. In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court properly dismissed the Labor Law § 241 (6) cause of action.

Similarly, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action. The defendants established that the injured plaintiff's injury arose out of his method of operation, and they had no authority to supervise or control the work (*see Lombardi v Stout*, 80 NY2d 290 [1992]; *DeMattia v Van Westerhaut Mola Social & Sport Club*, 204 AD2d 594, 595 [1994]; *Vilardi v Berley*, 201 AD2d 641 [1994]). Therefore, no liability attached to them under Labor Law § 200 or common-law negligence. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly dismissed the Labor Law § 200 and common-law negligence causes of action. Schmidt, J.P., Rivera, Florio and Balkin, JJ., concur. [*See* 12 Misc 3d 1195(A), 2006 NY Slip Op 51576(U).]