■ SONIA ARELI AMAYA SERRANO et al., Appellants, v SOPHIA POPOVIC, Defendant/Third-Party Plaintiff-Respondent, and PAMI CONSTRUCTION CORP., Respondent, et al., Defendant. BASCHNAGEL BROTHERS, INC., Third-Party Defendant-Respondent. [936 NYS2d 254]—

On February 21, 2007, during the construction of a single-family house and attached garage owned by Sophia Popovic and Jacob Popovic (hereinafter together the Popovics), the plaintiffs' decedent fell from the roof of the house. The plaintiffs subsequently commenced this action against, among others, Sophia Popovic, individually and as executor of the estate of Jacob Popovic, and Pami Construction Corp. (hereinafter Pami), the construction manager hired by the Popovics, to recover damages for personal injuries and wrongful death, alleging causes of action sounding in common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).

The Supreme Court properly granted that branch of the motion of Sophia Popovic, individually and as executor of the estate of Jacob Popovic, which was for summary judgment dismissing the complaint insofar as asserted against her. With respect to the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6), Sophia Popovic made a prima facie showing that the work was performed at a one-family dwelling and that the Popovics did not direct or control the work (*see Rodriguez v Gany*, 82 AD3d 863, 864-865 [2011]; *Chowdhury v Rodriguez*, 57 AD3d 121, 126 [2008]). With respect to the causes of action alleging common-law negligence and a violation of Labor Law § 200, Sophia Popovic made a prima facie showing that the Popovics did not have the authority to supervise or control the decedent's work (*see Ferreira v City of New York*, 85 AD3d 1103, 1106 [2011]; *Ortega v Puccia*, 57 AD3d 54, 61-63 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of Pami's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The evidence submitted by Pami showed that, prior to the date of the accident, safety equipment, including planks and brackets, had been removed from the main roof of the house and placed on the roof of the garage in anticipation of the completion of the installation of the garage roof. The evidence also showed that, on the date of the accident, the decedent was instructed to work only on the garage roof, and was not instructed to do any work on the main roof. Under the circumstances of this case, Pami established, as a matter of law, that the decedent's decision to climb onto the roof of the main house, where there was no safety equipment, was the sole proximate cause of his injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]; *Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]; *Capellan v King*

*Wire Co.*, 19 AD3d 530, 532 [2005]; *Misirlakis v East Coast Entertainment Props.*, 297 AD2d 312, 312-313 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur.