In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated April 2, 2012, as, upon reargument, vacated a prior order of the same court dated September 28, 2011, partly denying those branches of the motion of the defendant Biltmore General Contractors and the cross motion of the defendants City of New York and New York City Health and Hospital Corporation which were for summary judgment dismissing the complaint insofar as asserted against each of them, and thereupon granted those branches of the motion and cross motion in their entirety.
Ordered that the order dated April 2, 2012, is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In an order dated September 28, 2011, the Supreme Court, inter alia, partly denied those branches of the motion of the defendant Biltmore General Contractors (hereinafter Biltmore) and the cross motion of the defendants City of New York and New York City Health and Hospitals Corporation (hereinafter together the City defendants) which were for summary judgment dismissing the complaint insofar as asserted against each of them. In making that determination, the Supreme Court considered the plaintiff’s untimely served opposition papers. *914 Biltmore and the City defendants moved and cross-moved, respectively, for reargument, contending that the Supreme Court should not have considered the plaintiff s untimely served opposition papers.
Contrary to the plaintiffs contention, the Supreme Court, upon reargument, did not improvidently exercise its discretion by refusing to consider the plaintiffs opposition papers on the original motion and cross motion for summary judgment, as the plaintiff failed to provide a valid excuse for the late service of his opposition papers and the defendants were prejudiced, as they had no opportunity to serve reply papers (see Foitl v G.A.F. Corp., 64 NY2d 911, 913 [1985]; Courtney v Port Auth. of N.Y. & N.J., 34 AD3d 716, 718 [2006]; Mosheyeva v Distefano, 288 AD2d 448, 449 [2001]; Moore v Long Is. Coll. Hosp., 273 AD2d 365, 366 [2000]).
Upon reargument, those branches of the motion of Biltmore and the cross motion of the City defendants which were for summary judgment dismissing the complaint insofar as asserted against them were properly granted. Biltmore and the City defendants each established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that the sole proximate cause of the accident was the plaintiffs unnecessary and unforeseeable act of climbing over the railing of a catwalk and walking on a narrow beam in a dark area outside of his assigned work area to search for a piece of wood (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]; Montgomery v Federal Express Corp., 4 NY3d 805, 806 [2005]; Weingarten v Windsor Owners Corp., 5 AD3d 674, 676 [2004]; Misirlakis v East Coast Entertainment Props., 297 AD2d 312, 312-313 [2002]; Trippi v Main-Huron, LLC, 28 AD3d 1069, 1070 [2006]). Since the Supreme Court properly declined to consider the plaintiffs opposition papers, the plaintiff did not raise a triable issue of fact.
Rivera, J.E, Austin, Roman and Hinds-Radix, JJ., concur.