■ JAMES N. SCOFIELD, Appellant, et al., Plaintiff, v AVANTE CONTRACTING CORP. et al., Respondents. [24 NYS3d 376]—

In an action to recover damages for personal injuries, etc., the plaintiff James N. Scofield appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated October 24, 2013, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff James N. Scofield (hereinafter the injured

plaintiff) allegedly was injured when he fell from a six-foot-tall A-frame ladder while performing heating, ventilation, and air conditioning work at a condominium construction project. Prior to the accident, the injured plaintiff had completed the same task using the same ladder in four other rooms without incident. In the final room, the injured plaintiff encountered two stacks of sheetrock that were two feet wide by nine feet long, and one foot to 18 inches high, with five to six inches between each stack. These stacks were positioned in such a way that the injured plaintiff was blocked from placing the ladder directly under the location where he needed to work. When the injured plaintiff ascended the ladder, it was firmly on the ground and did not shake or move while he climbed to the third rung. To perform the task, the injured plaintiff had to reach three to four feet to his right so that his upper body was on the right side of the ladder. A few seconds after he began working, the ladder tipped to the right and the injured plaintiff fell to the ground.

The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant Avante Contracting Corp. (hereinafter Avante), the general contractor of the project, and the defendant J. H. Real Estate Group, LLC (hereinafter J. H. Real Estate), the property owner, alleging violations of Labor Law §§ 200, 240 (1) and 241 (6). Avante and J. H. Real Estate separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the plaintiffs cross-moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 200. The Supreme Court granted the defendants' motions and denied the plaintiffs' cross motion. The injured plaintiff appeals from so much of the order as granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them, and denied that branch of the plaintiffs' cross motion for summary judgment on the issue of liability on that cause of action.

"Labor Law § 240 (1) imposes a nondelegable duty upon owners, lessees that control the work performed, and general contractors to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (*Vasquez-Roldan v Two Little Red Hens, Ltd.*, 129 AD3d 828, 829 [2015]; *see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 374 [2011]; *Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 770 [2012]). "To recover on a cause of action pursuant to Labor Law § 240 (1), a

plaintiff must demonstrate that there was a violation of the statute, and that the violation was a proximate cause of the accident" (*Przyborowski v A&M Cook, LLC*, 120 AD3d 651, 653 [2014]). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240 (1)" (*Garcia v Market Assoc.*, 123 AD3d 661, 663 [2014], citing *Treu v Cappelletti*, 71 AD3d 994, 997 [2010] [internal quotation marks omitted]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them. Their submissions demonstrated, prima facie, that the injured plaintiff improperly positioned and misused the ladder, which was the sole proximate cause of his injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them. Moreover, since the plaintiffs failed to demonstrate that the injured plaintiff's injuries were proximately caused by a violation of Labor Law § 240 (1), the Supreme Court properly denied that branch of their cross motion which was for summary judgment on the issue of liability on that cause of action. Hall, J.P., Austin, Roman and Barros, JJ., concur.