■ SILVERIO SAAVEDRA, Appellant, v 64 ANNFIELD COURT CORP. et al., Respondents, et al., Defendant. (And a Third-Party Action.) [26 NYS3d 346]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated January 13, 2014, as granted those branches of the motion of the defendant 64 Annfield Court Corp. and the separate motion of the defendant Ultimate One Construction Corp. which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleges that on February 5, 2010, he sustained injuries while he and a coworker were installing wooden coverings to metal support columns on the ground floor of a property owned by the defendant 64 Annfield Court Corp. (hereinafter

64 Annfield). The defendant Ultimate One Construction Corp. (hereinafter Ultimate One) was the general contractor for the construction project on which the plaintiff was working. Despite the presence of an A-frame ladder in the immediate vicinity and metal scaffolding on the same level, the plaintiff and his coworker constructed and utilized an unsecured makeshift structure by affixing wooden planks on top of each other over metal rebar protruding from the concrete ground floor. While the plaintiff and his coworker were standing on the makeshift structure, it collapsed, causing the plaintiff to fall approximately 8 to 10 feet. As is relevant to this appeal, the plaintiff commenced this action to recover damages for personal injuries alleging, inter alia, a violation of Labor Law § 240 (1).

The Supreme Court properly granted those branches of the motion of 64 Annfield and the separate motion of Ultimate One which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against each of them. To recover on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute, and that the violation was a proximate cause of the accident (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 553-555 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]). A plaintiff cannot recover under Labor Law § 240 (1) if his or her actions were the sole proximate cause of the accident (*see Robinson v East Med. Ctr., LP*, 6 NY3d at 553-555; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 290). Here, 64 Annfield and Ultimate One each established their prima facie entitlement to judgment as a matter of law by showing that the plaintiff was the sole proximate cause of the accident that caused his alleged injuries since he constructed and used an improperly-placed, unsecured makeshift structure rather than using the A-frame ladder that was available in the immediate vicinity of his work site (*see Montgomery v Federal Express Corp.*, 4 NY3d 805 [2005]; *Gittleson v Cool Wind Ventilation Corp.*, 46 AD3d 855, 856 [2007]; *Plass v Solotoff*, 5 AD3d 365, 367 [2004]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit submitted in opposition to the motions, which was translated from Spanish into English, did not constitute admissible evidence. CPLR 2101 (b) provides that "[w]here an affidavit or exhibit annexed to a paper served or filed is in a foreign language, it shall be accompanied by an English translation and an affidavit by the translator stating his qualifications and that the translation is accurate" (*see*

*Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 54 [2011]). Here, the name and qualifications of the translator from Ventura Translations, Inc., were not provided (*see Rosenberg v Piller*, 116 AD3d 1023, 1025 [2014]).

Accordingly, we affirm the order insofar as appealed from. Dillon, J.P., Hall, Roman and Duffy, JJ., concur. ▮▮▮▮▮▮▮