[43 NYS3d 507]

MARK EDDY, Respondent, v JOHN HUMMEL CUSTOM BUILDERS, INC., Appellant, et al., Defendants.

Second Department, December 21, 2016

## APPEARANCES OF COUNSEL

*Baxter Smith & Shapiro, P.C.*, Hicksville (*Dennis S. Heffernan* of counsel), for appellant.

*Rappaport Glass Levine & Zullo, LLP*, Hauppauge (*Michael S. Levine, Anne Marie Caradonna* and *Michael Glass* of counsel), for respondent.

DICKERSON, J.

Introduction

In *Dilluvio v City of New York* (95 NY2d 928 [2000]), the Court of Appeals held that a worker who fell from the back of a pickup truck in which he was riding was not protected by Labor Law § 240 (1) because, as a matter of law, the accident did not result from an elevation-related risk. On this appeal, we determine that the same conclusion should result when a worker who falls from the back of a moving pickup truck is injured by an object that also falls from the truck. Moreover, we also determine that under the circumstances of this case, the plaintiff's decision to ride in the back of the truck, while sitting on top of a cast iron grate that was lying on the truck's open tailgate, was, as a matter of law, the sole proximate cause of the accident.

Factual and Procedural Background

The facts in this case are undisputed. On October 2, 2007, the plaintiff and his coworker Mark J. DiSunno manually loaded a number of heavy pieces of construction material onto the back of a pickup truck in order to transport the materials from one location at a construction site to another. One of the items loaded onto the truck was a cast iron grate, weighing approximately 100 pounds. The plaintiff and DiSunno placed this cast iron grate on the open tailgate of the truck because the remainder of the bed of the truck was full. According to DiSunno, because they were only traveling a short distance, he and the plaintiff did not secure any of the materials that they placed onto the truck with ropes, bungee cords, ratchets, or other similar devices. The bed of the truck was not equipped with any sort of seat or platform that was made for someone to sit on.

After the plaintiff and DiSunno loaded the truck, they intended for DiSunno to drive it approximately 100 or 200 feet in order to pick up a concrete extension. DiSunno advised the plaintiff to sit in the front passenger seat of the truck during this drive because DiSunno did not think it was safe for the plaintiff to ride in the back of the truck with all of the unsecured materials. However, noting that they were only traveling a short distance, the plaintiff decided instead to sit on top of the cast iron grate that was lying on the open tailgate. As the plaintiff sat in this position, his feet hung over the edge of the tailgate, which was three feet above the ground. As Di-

Sunno began to drive the truck, the plaintiff fell to the ground, and the cast iron grate fell onto the plaintiff, causing the plaintiff to sustain injuries.

The plaintiff subsequently commenced this action against John Hummel Custom Builders, Inc. (hereinafter Hummel), the general contractor on the construction site, and David and Pamela Berkman (hereinafter together the Berkmans), the owners of the site, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). The action was later discontinued insofar as it was asserted against the Berkmans. After depositions had been conducted, Hummel moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability on his cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Hummel. As relevant to this appeal, in the order appealed from, the Supreme Court denied those branches of Hummel's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it, and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it (2014 NY Slip Op 33807[U] [Sup Ct, Suffolk County 2014]). In support of its determination that a violation of Labor Law § 240 (1) had occurred, the court reasoned that although the statute did not typically apply to injuries caused by materials that fall from a minuscule height during the loading or unloading process, the statute applied in this case because the falling object, to wit, the iron grate, required securing for the purposes of the undertaking and posed a foreseeable risk of tumbling over the edge of the truck due to an elevation differential.

Labor Law § 240 (1)

Labor Law § 240 (1) requires all contractors engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building" to "furnish or erect . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person" employed in the performance of such labor. The statute " 'imposes absolute liability where the failure to provide [proper] protection is a proximate cause of a worker's injury' "

(*Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90, 96 [2015], quoting *Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662 [2014]).

### Elevation-Related Risk

"[I]t is settled that 'the extraordinary protections of [Labor Law § 240 (1)] in the first instance apply only to a narrow class of dangers' " (*Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d at 96-97, quoting *Melber v 6333 Main St.*, 91 NY2d 759, 762 [1998]). "More specifically, Labor Law § 240 (1) relates only to 'special hazards' presenting 'elevation-related risk[s]' " (*Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d at 97, quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]).

"[T]he protections of Labor Law § 240 (1) 'do not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity' " (*Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d at 97, quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]).

> " 'The contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured. It is because of the special hazards in having to work in these circumstances . . . that the Legislature has seen fit to give the worker the exceptional protection that section 240 (1) provides' " (*Toefer v Long Is. R.R.*, 4 NY3d 399, 407 [2005], quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d at 514).

"Liability may, therefore, be imposed under the statute only where the 'plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential' " (*Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d at 97, quoting *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]).

The Court of Appeals and this Court have repeatedly held that because the distance between the back of a pickup or flatbed truck and the ground is so small, the risk of a worker falling off the back of a pickup or flatbed truck is, as a matter of law, not an extraordinary elevation-related risk protected by

Labor Law § 240 (1), but rather, one of the usual and ordinary dangers of a construction site (*see Toefer v Long Is. R.R.*, 4 NY3d at 407-409; *Dilluvio v City of New York*, 95 NY2d at 929; *Biscup v E.W. Howell, Co., Inc.*, 131 AD3d 996, 998 [2015]; *Lavore v Kir Munsey Park 020, LLC*, 40 AD3d 711, 712 [2007]; *Hughes v County of Nassau*, 286 AD2d 476, 476-477 [2001]; *see also Bond v York Hunter Constr.*, 95 NY2d 883, 884-885 [2000] [involving a fall from a demolition vehicle]). In two of these cases, including the Court of Appeals case of *Dilluvio v City of New York*, the plaintiff had injured himself as a result of falling from a truck that was moving, and the courts held that the danger to the plaintiff was referable to the movement of the truck and not height (*see Hughes v County of Nassau*, 286 AD2d at 476-477; *Dilluvio v City of New York*, 264 AD2d 115, 116-117, 119 [2000], *affd* 95 NY2d 928 [2000]). In addition, this Court has also held that because the distance between the back of a flatbed truck and the ground is so small, workers injured by objects being unloaded from a flatbed truck while standing on the ground next to the truck are not entitled to recover pursuant to Labor Law § 240 (1) simply because there was a difference in elevation between the ground and the truck bed (*see Cabezas v Consolidated Edison*, 296 AD2d 522, 522-523 [2002]; *Jacome v State of New York*, 266 AD2d 345, 345-347 [1999]; *see also Bartley v Accu-Glo Elec. Corp.*, 272 AD2d 352, 352-353 [2000]).

Here, the plaintiff contends that the elevation differential cannot be viewed as de minimis given the fact that the grate that fell onto him weighed approximately 100 pounds and was capable of generating a great amount of force, even over the course of a relatively short descent (*see Runner v New York Stock Exch., Inc.*, 13 NY3d at 602, 605 [involving a reel of wire that weighed "some 800 pounds"]; *Treile v Brooklyn Tillary, LLC*, 120 AD3d 1335, 1336-1338 [2014] [involving bundles of rebar that allegedly weighed approximately 8,000 to 10,000 pounds]). Even if the plaintiff in this case had been injured while engaged in the task of unloading the 100-pound grate from the truck, this argument is undercut by the Court of Appeals decision in *Rodriguez v Margaret Tietz Ctr. for Nursing Care* (84 NY2d 841 [1994]). In that case, the Court of Appeals held that the plaintiff was exposed to the usual and ordinary dangers of a construction site, rather than a special elevation risk contemplated by Labor Law § 240 (1), in placing a 120-pound beam onto the ground from seven inches above his head

with the assistance of three other coworkers (*see id.* at 843-844; *see also Cruz v Neil Hospitality, LLC*, 50 AD3d 619, 620 [2008]; *Ienco v RFD Second Ave., LLC*, 41 AD3d 537, 539 [2007]; *Parker v Ariel Assoc. Corp.*, 19 AD3d 670, 671-672 [2005]).

More fundamentally, however, the plaintiff in this case was not engaged in the task of unloading the truck at the time of the accident. The grate, on which the plaintiff had been sitting, only fell onto the plaintiff because the plaintiff had fallen off the truck and onto the ground as a result of the movement of the truck. "Liability under Labor Law § 240 (1) depends on whether the injured worker's 'task creates an elevation-related risk of the kind that the safety devices listed in section 240 (1) protect against' " (*Ventimiglia v Thatch, Ripley & Co., LLC*, 96 AD3d 1043, 1045 [2012], quoting *Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 681 [2007]). Here, the task that the plaintiff was engaged in at the time of the accident was the task of riding in a pickup truck. As the Court of Appeals and this Court have already held, the task of riding in a pickup truck does not present an elevation-related risk (*see Dilluvio v City of New York*, 95 NY2d at 929; *Hughes v County of Nassau*, 286 AD2d at 476-477). Thus, as in those cases, the accident here did not result from an extraordinary elevation-related risk contemplated by Labor Law § 240 (1), notwithstanding the fact that the plaintiff in this case, unlike the plaintiffs in those cases, was injured by an object that fell out of the truck.

## Sole Proximate Cause

Moreover, even if the plaintiff were exposed to an extraordinary elevation-related risk, he would still not be entitled to recover pursuant to Labor Law § 240 (1) because, under the circumstances of this case, any failure on the part of Hummel to provide protection from such an elevation-related risk was not a proximate cause of the accident.

" '[W]here an accident is caused by a violation of [Labor Law § 240 (1)], the plaintiff's own negligence does not furnish a defense'; however, 'where a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability' " (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015], quoting *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]). Where an "intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defend-

ant's conduct, it may well be a superseding act which breaks the causal nexus" between a defendant's actions or non-actions and the injury suffered by the plaintiff (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]; *see Campbell v Central N.Y. Regional Transp. Auth.*, 7 NY3d 819, 820-821 [2006]; *Maheshwari v City of New York*, 2 NY3d 288, 295 [2004]; *Niewojt v Nikko Constr. Corp.*, 139 AD3d 1024, 1026 [2016]). "While foreseeability is generally an issue for the fact finder, where only one conclusion can be drawn, proximate cause may be decided as a matter of law" (*Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944, 946 [1997]; *see Campbell v Central N.Y. Regional Transp. Auth.*, 7 NY3d at 820-821; *Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315-316).

Here, after the plaintiff and DiSunno loaded the truck, DiSunno advised the plaintiff to sit in the front passenger seat during the drive because DiSunno did not think that it was safe for the plaintiff to ride in the back of the truck with all of the unsecured materials. Instead of taking this advice, the plaintiff decided not only to ride in the back of the truck, but to sit on top of a cast iron grate that was lying on the truck's open tailgate, with his feet dangling over the edge of the tailgate. Under the circumstances, the plaintiff's decision to sit in this position during the drive was so unforeseeable as to break the causal nexus between the alleged failure of Hummel to comply with Labor Law § 240 (1) and the plaintiff's injuries, and the plaintiff's decision to sit in this position was, as a matter of law, the sole proximate cause of his injuries (*see Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554-555 [2006]; *Montgomery v Federal Express Corp.*, 4 NY3d 805, 806 [2005]; *Saavedra v 64 Annfield Ct. Corp.*, 137 AD3d 771, 772 [2016]; *Scofield v Avante Contr. Corp.*, 135 AD3d 929, 931 [2016]; *Lin v City of New York*, 117 AD3d 913, 914 [2014]; *Serrano v Popovic*, 91 AD3d 626, 627 [2012]; *Gittleson v Cool Wind Ventilation Corp.*, 46 AD3d 855, 856 [2007]; *Leniar v Metropolitan Tr. Auth.*, 37 AD3d 425, 426 [2007]; *Yedynak v Citnalta Constr. Corp.*, 22 AD3d 840, 841 [2005]; *Gambino v Massachusetts Mut. Life Ins. Co.*, 8 AD3d 337, 338 [2004]; *Plass v Solotoff*, 5 AD3d 365, 367 [2004]).

For the foregoing reasons, Hummel established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (*see id.* at 324). For the same

reasons, the plaintiff failed to meet its prima facie burden on that branch of its cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against Hummel. Accordingly, the Supreme Court should have granted that branch of Hummel's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, and should have denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action insofar as asserted against Hummel.

Labor Law § 241 (6)

Labor Law § 241 (6) provides:

> "All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the . . . contractors and their agents for such work . . . shall comply therewith."

" '[T]o establish liability under Labor Law § 241 (6), a plaintiff must demonstrate that the defendant's violation of a specific rule or regulation was a proximate cause of the accident' " (*Creese v Long Is. Light. Co.*, 98 AD3d 708, 710 [2012], quoting *Seaman v Bellmore Fire Dist.*, 59 AD3d 515, 516 [2009]). Here, the plaintiff alleges that Hummel violated 12 NYCRR 23-9.7 (c) and (e), which pertain to "Motor trucks." 12 NYCRR 23-9.7 (c) provides: "Loading. Trucks shall not be loaded beyond their rated capacities and all loads shall be trimmed before the trucks are moved. Loads that are apt to become dislodged in transit shall be securely lashed in place." 12 NYCRR 23-9.7 (e) provides: "Riding. No person shall be suffered or permitted to ride on running boards, fenders or elsewhere on a truck or similar vehicle except where a properly constructed and installed seat or platform is provided."

As discussed above, under the circumstances of this case, the sole proximate cause of the accident was the plaintiff's decision to forgo riding in the front passenger seat of the truck in favor of riding on top of the cast iron grate that was lying on the truck's open tailgate. Thus, any violation of Labor Law

§ 241 (6) was not a proximate cause of the accident (*see Lin v City of New York*, 117 AD3d at 914; *Serrano v Popovic*, 91 AD3d at 627; *Gittleson v Cool Wind Ventilation Corp.*, 46 AD3d at 856; *Yedynak v Citnalta Constr. Corp.*, 22 AD3d at 841; *Plass v Solotoff*, 5 AD3d at 367).

Consequently, Hummel established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). In opposition, the plaintiff failed to raise a triable issue of fact (*see id.*). Accordingly, the Supreme Court should have granted that branch of Hummel's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it.

Conclusion

For the reasons discussed above, the Supreme Court should have granted those branches of Hummel's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it, and should have denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Hummel. Accordingly, the order is reversed insofar as appealed from, on the law, those branches of Hummel's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it are granted, and that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against Hummel is denied.

LEVENTHAL, J.P., DUFFY and LASALLE, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of the defendant John Hummel Custom Builders, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against it are granted, and that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant John Hummel Custom Builders, Inc., is denied.