CHRISTIAN MELENDEZ, Appellant, v 778 PARK AVENUE BUILDING CORPORATION et al., Respondents. [59 NYS3d 762]—

Appeal from a judgment of the Supreme Court, Kings County (David B. Vaughan, J.), entered November 21, 2014. The judgment, insofar as appealed from, upon an order of that court entered September 22, 2014, is in favor of the defendant AM&G Waterproofing, LLC, dismissing the amended complaint insofar as asserted against it and in favor of the defendant 778 Park Avenue Building Corporation dismissing certain causes of action insofar as asserted against it.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff and his coworkers were erecting a scaffold in the rear yard area of a building owned by the defendant 778 Park Avenue Building Corporation (hereinafter 778 Park). The scaffolding was being built to make a platform even with the sidewalk, which was about five to six feet above the rear yard. The plaintiff was building the platform portion of the scaffold by placing wooden planks on top of steel I-beams when he stepped onto an unsecured wooden plank, allegedly causing him to fall and sustain personal injuries. The defendant AM&G Waterproofing, LLC (hereinafter AMG), was the general contractor for the construction project on which the plaintiff was working. The plaintiff commenced this action against 778 Park and AMG (hereinafter together the defendants), asserting causes of action alleging violations of Labor Law §§ 240 (1), 241 (6), and 200, and common-law negligence.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action, and properly denied the plaintiff's application to search the record and award him summary judgment on the issue of liability on that cause of action. To succeed on a cause of action alleging a violation of Labor Law § 240 (1), a plaintiff must demonstrate that there was a violation of the statute and that the violation was a proximate cause of the accident (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 553-555 [2006]; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). Where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240 (1) (see Robinson v East Med. Ctr., LP, 6 NY3d at 553-555; Saavedra v 64 Annfield Ct. Corp., 137 AD3d 771, 772 [2016]; Gittleson v Cool Wind Ventilation Corp., 46 AD3d 855, 856 [2007]; Plass v Solotoff, 5 AD3d 365, 366 [2004]). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action by demonstrating that the plaintiff was the sole proximate cause of the accident that caused his alleged injuries, since he chose to step upon an unsecured plank that he had just seconds before placed on a narrow steel beam, rather than standing upon the secured planking available to him, which he had used in the minutes leading up to the accident. In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismiss-

ing the Labor Law § 241 (6) cause of action. To sustain a cause of action pursuant to Labor Law § 241 (6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code regulation that is applicable to the circumstances of the accident (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action by demonstrating either that the alleged violations of the Industrial Code provisions, including those alleged in the plaintiff's third supplemental bill of particulars, were not a proximate cause of the plaintiff's injuries or that the Industrial Code provisions relied upon did not apply to the facts of this case. In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly determined that AMG was entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it. Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 877; *Cooper v State of New York*, 72 AD3d 633, 635 [2010]). "Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (*Torres v City of New York*, 127 AD3d 1163, 1165 [2015]; *see Ortega v Puccia*, 57 AD3d 54, 61 [2008]). Here, the plaintiff's injuries did not arise from a dangerous condition on the premises, but from the manner in which the work was being performed. "To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have the authority to exercise supervision and control over the work" (*Torres v City of New York*, 127 AD3d at 1165 [internal quotation marks omitted]; *see Ortega v Puccia*, 57 AD3d at 61). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 62). Here, the defendants' submissions demonstrated, prima facie, that AMG did not have the authority to control, direct, or supervise the method or manner in which the work was performed. In opposition, the plaintiff failed to raise a triable issue of fact (*see Marquez v L & M Dev. Partners, Inc.*, 141 AD3d 694, 698 [2016]; *Austin v Consolidated Edison, Inc.*, 79

AD3d 682, 684 [2010]). Rivera, J.P., Leventhal, Austin and Christopher, JJ., concur.