Testa v Testa (2020 NY Slip Op 01947)





Testa v Testa


2020 NY Slip Op 01947


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2019-04255
 (Index No. 3630/16)

[*1]Josephine Testa, etc., respondent, 
v
Michael Testa, etc., et al., appellants, et al., defendant.


David A. Gallo & Associates LLP, Roslyn Heights, NY (Jonathan M. Cohen of counsel), for appellants.
Richard M. Lipsman (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for partition and sale of certain parcels of real property, the defendants Michael Testa and Sandro Testa appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated March 4, 2019. The order granted those branches of the plaintiff's motion which were to dismiss the amended counterclaim and to cancel the notice of pendency filed in connection therewith.
ORDERED that the order is affirmed, with costs.
In this dispute among family members over the disposition of several parcels of real property, the plaintiff initially moved to dismiss, for lack of particularity under CPLR 3016(b), a counterclaim asserted by Ernesto Testa and the defendants Michael Testa and Sandro Testa (hereinafter together the defendants) to invalidate the plaintiff's deed to certain real property on the ground that it had been fraudulently obtained from Ernesto. In an order dated March 27, 2017, the Supreme Court granted the plaintiff's motion, but also granted a cross motion by Ernesto and the defendants for leave to amend their answer and counterclaim, provided that they "submit an affidavit of merit in proper form or a verification to the amended answer and counterclaim within 60 days." After Ernesto and the defendants submitted a defectively verified amended counterclaim, the plaintiff moved, inter alia, to cancel the notice of pendency filed by Ernesto and the defendants in connection with the counterclaim on the ground that the counterclaim itself was a nullity. In an order dated September 21, 2017, the court acknowledged the defective nature of the verification, but denied the plaintiff's motion and provided Ernesto, who could not read or write in English and was fluent only in the Sicilian dialect of Italian, a final opportunity to correct the defect by submitting, within 45 days, "either a proper affidavit of merit or a proper verification . . . [which had to] comply with CPLR 2101(b)." Ernesto and the defendants thereafter submitted purported affidavits of merit by Ernesto in both English and Italian. However, it was revealed during discovery that those affidavits had not been prepared in accordance with the requirements of CPLR 2101(b) or the order dated September 21, 2017. Ernesto died during the pendency of this action, and the defendants, as executors of Ernesto's estate, were substituted in place of Ernesto.
Subsequently, in an order dated March 4, 2019, the Supreme Court granted those branches of the plaintiff's motion which were to dismiss the amended counterclaim and to cancel the notice of pendency filed in connection with it. The defendants appeal, and we affirm.
Contrary to the defendants' contention, evidence in the record, including the deposition testimony of an interpreter who was hired by Ernesto and the defendants to assist in the preparation of the affidavits of merit, established that those affidavits were not prepared in accordance with the requirements of CPLR 2101(b) or the decisional law cited in the order dated September 21, 2017 (see e.g. Saavedra v 64 Annfield Ct. Corp., 137 AD3d 771, 772-773). Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were to dismiss the amended counterclaim and to cancel the notice of pendency.
The defendants' remaining contentions are without merit (see HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673-674).
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court