| Yzaga v Dal 8th Ave. LLC |
|:---:|
| 2024 NY Slip Op 30374(U) |
| February 1, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 524450/2019 |
| Judge: Wayne Saitta |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 1st day of February 2024.

P R E S E N T:

HON.  WAYNE SAITTA, Justice.

-----------------------------------------------------------------X

SEBASTIAN YZAGA,

Plaintiff

-against-

DAL 8th AVENUE LLC and 412 8th AVENUE LLC,

Defendants

-----------------------------------------------------------------X

Index No. 524450/2019

Decision and Order
MS #2

The following papers read on this motion:

NYSCEF Doc Nos

Notice of Motion/Order to Show Cause/
Petition/Affidavits (Affirmations) and
Exhibits
Cross-motions Affidavits (Affirmations)
and Exhibits
Answering Affidavit (Affirmation)
Reply Affidavit (Affirmation)
Supplemental Affidavit (Affirmation)

34-37, 39-50

55-59
61

This action arises from a construction accident that occurred on or about October 23, 2019 at 420 8th Avenue, Brooklyn, NY (the Premises). The Premises is owned by Defendant DAL 8th AVENUE LLC (Defendant Owner). This action was discontinued as against Defendant 412 8th AVENUE LLC.

Plaintiff was an employee of non-party Construction Partners. Construction Partners was hired by Defendant Owner to do a buildout of an apartment on the fourth floor at the Premises.

[* 1]

Plaintiff had been assigned the task of plastering and floor woodwork. Wilther Patino Vega, an owner of Construction Partners, alleges that he told Plaintiff he would need a chisel to do the flooring woodwork due to the existence of nails in the floorboards.

There was no chisel on site, so Vega went to get a chisel. Vega claims that he instructed Plaintiff to clean until he returned with a chisel.

Plaintiff was injured while using a circular saw to cut into the floor when he struck a nail, and a piece came up and struck him in the eye. Plaintiff claims the saw lacked a safety guard.

Plaintiff was not wearing any eye protection at the time of his injury. At the time of the accident, Plaintiff asserts that he had not been provided equipment or protection at the Premises. Plaintiff was not told to wear eye protection and was not made aware of any equipment or protection being present on the Premises.

Plaintiff's complaint alleges violations of Labor Law §241(6) and §200.

Defendant Owner moves for summary judgment dismissing Plaintiff's complaint.

**Labor Law § 200**

Defendant Owner moves for summary judgment dismissing Plaintiff's claims pursuant to Labor Law § 200.

"Section 200 of the Labor Law is a codification of the common-law duty of a landowner to provide workers with a reasonably safe place to work" (*Zukowski v. Powell Cove Estates Home Owners Association,* 187 AD3d 1099, 1101 [2d Dept 2020], quoting *Lombardi v. Stout,* 80 NY2d 290, 294 [1992]). Plaintiff's accident arose not from a dangerous condition at the premises but by the means and methods employed. The is no evidence presented that Defendant owner supervised or controlled Plaintiff's work.

[* 2]

Plaintiff takes no position as to this portion of Defendant Owner's motion.

Therefore, this portion of Defendant Owner's motion seeking summary judgment as to Labor Law § 200 must be granted.

**Labor Law § 241(6)**

Defendant Owner moves for summary judgment on the issue of liability pursuant to Labor Law § 241(6).

Labor Law § 241(6) applies to "[a]ll contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, when constructing or demolishing buildings or doing any excavating in connection therewith". Here, moving Defendant is the Owner of the Premises and Labor Law § 241(6) applies.

"Labor Law § 241(6) imposes a nondelegable duty upon an owner [an owner's agent] or general contractor to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (*Grant v. City of New York*, 109 AD3d 961,963 [2d Dept 2013]). "To establish a cause of action for a violation of Labor Law § 241(6), a plaintiff must plead and prove a violation of a specific provision of the Code" (*Galarraga v. City of New York*, 54 AD3d 308, 309 [2d Dept 2008]).

Plaintiff has plead violations of several sections of the Industrial Code, but only opposes dismissal of § 23–1.5(c)(3) and § 23–1.8(a). Section 23–1.5(c)(3) covers equipment and safeguards and states:

> All safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged.

3

[* 3]

Section 23–1.8(a) specifically covers eye protection and states:

> Approved eye protection equipment suitable for the hazard involved shall be provided for and shall be used by all persons while employed in welding, burning or cutting operations or in chipping, cutting or grinding any material from which particles may fly, or while engaged in any other operation which may endanger the eyes.

Plaintiff claims he was not provided with safety goggles and that the circular saw he used lacked a safety guard.

Defendant argues that Plaintiff was instructed to engage in cleaning and plastering while he awaited a chisel to be brought to the jobsite prior to engaging in wood floorwork and therefore Defendant had no duty to provide Plaintiff with eye protection since he was supposed to be cleaning, not working on the floor.

There can be no liability under Labor Law §241(6) where a plaintiff's own acts prove the sole proximate cause of the accident (see *Eddy v. John Hummel Custom Bldrs., Inc.*, 147 AD3d 16 [2d Dept 2016]).

Defendant argues that Plaintiff understood that he was not supposed to start wood floorwork until the chisel was brought to the jobsite, but Plaintiff did so anyway using a circular saw that he sought out at the jobsite.

Plaintiff admitted to the statement in Defendants Statement of Facts that Plaintiff's boss told Plaintiff that he would need to go out and obtain a chisel in order for them to start working on the floor since a chisel would be necessary to perform that work.

However, Vega testified that he never specifically instructed Plaintiff not to work on the floor until he brought the chisel.

Vega testified at his deposition:

> Q.  Did you make it clear to him  that he was not to work on the floors until you arrived back with the chisel?

4

A. Not specifically. I did not tell him not to work in the area.

Q. I didn't ask you if you didn't specifically tell him to work in the area. I asked you if you specifically told him not to start working on the floors.

A. No, I do not recall saying that.

Plaintiff contests that he was instructed not to work on the floor until Vega brought the chisel.

Plaintiff did not testify that Vega told him not to work on the floors until he came back with the chisel. Defendants' attorney asked him:

Q. Was there a reason you started to cut the wood when the boss told you he wanted the chisel on-site before the work started?

A. Yes, I worked.

Q. Yes, but why did you start doing the woodwork when the boss told you to wait for the chisel?

A. Well, I am standing there he comes in and he sees I am not doing anything he will get rid of me.

In those questions, Defendant's attorney, not Plaintiff, asserts that the boss told him to wait for the chisel.

Plaintiff's answer to those questions cannot be read to be an admission that Vega told him not to work on the floor until he brought the chisel, particularly in light of Vega's testimony.

Thus, there is a question of fact whether Plaintiff was told not to work on the floor until Vega returned with the chisel.

Plaintiff argues that Industrial Code § 23−1.5(c)(3) was violated because the circular saw was missing the safety guard. Defendant denies that the saw was defective and that Plaintiff's injury was caused because he cut the wood using the wrong tool.

Plaintiff further argues that Industrial Code § 23−1.8(a) was violated because he was not provided with safety goggles. There is a question of fact as to whether there were goggles readily available on the site.

5

Plaintiff denies that there were googles available while Wilson Ruiz of Construction Partners testified that he had made Plaintiff aware of the location of available safety glasses on the jobsite.

Further, there is a question whether goggles were required to be provided at the time of the accident pursuant to § 23–1.8(a). The section requires eye protection be provided and used while employed in chipping and cutting. If it is the case that Plaintiff was instructed not to begin work on the floor, then Defendant would not have been obligated to ensure Plaintiff had goggles at the time of his accident.

Finally, the fact that Plaintiff may have been comparatively negligent in failing to use googles if they were available, or in using the saw on the jobsite instead of waiting for a chisel, is not a bar to his recovery of damages for his personal injury (*see Rodriguez v City of New York*, 31 NY3d 312, 323 [2018]; *Quizhpi v. S. Queens Boys & Girls Club, Inc.,* 166 AD3d 683, 685 [2d Dept 2018]).

WHEREFORE, it is hereby ORDERED that the portion Defendants motion for summary judgment dismissing Plaintiff's claims pursuant to Labor Law §241(6) is Denied; and it is further,

ORDERED, the portion Defendants motion for summary judgment dismissing Plaintiff's claims pursuant to Labor Law §200 is Granted.

This constitutes the decision and order of this Court.

E N T E R:

_____

J.S.C.

6

[* 6]